1  STEPHEN KENT ROSE
   Attorney at Law
2  Post Office Box 2400
   Sausalito, California 94966
3  California State Bar Number 77941
   415.332.6000
4
   Attorney for Plaintiff
5  San Francisco Aesthetics and Laser Medicine, Incorporated

6

7

8                    UNITED STATES DISTRICT COURT FOR THE

9                        NORTHERN DISTRICT OF CALIFORNIA

10                              SAN FRANCISCO DIVISION

11

12 San Francisco Aesthetics and Laser Medicine,
   Incorporated,                                  Civil Action No. 07 5170 EDL
13                           Plaintiff,
                                                  NOTICE OF MOTION AND MOTION FOR
14 vs.                                            PRELIMINARY INJUNCTION; MEMORANDUM
                                                  OF LAW IN SUPPORT OF MOTION FOR
15                                                PRELIMINARY INJUNCTION
   The Presidio Trust,
16                           Defendant./          Date:      18 December 2007
                                                  Time:      9:00 a.m.
17                                                Place:     Courtroom E, 15th Floor
                                                  Judge:     Elizabeth D. LaPort
18
                                                  Complaint Filed:   9 October 2007
19

20

21

22 TO THE ABOVE ENTITLED COURT AND TO ALL PARTIES HERETO:

23 PLEASE TAKE NOTICE THAT on 18 December 2007 at the hour of 9:00 a.m. or as soon thereafter as

24 the matter may be heard in Courtroom E on the 15th Floor of the above entitled court Plaintiff San

25 Francisco Aesthetics and Laser Medicine, Incorporated will, and does hereby, move this honourable court

26 for a preliminary injunction enjoining defendant Presidio Trust and its officers, agents, employees,

27 attorneys, and all those in active concert or participation with any of them from interfering with Plaintiff's

28 occupancy of its medical suite during the pendency of this action and until a final hearing and

1

determination of the merits of this action.  This motion will be and is made pursuant to Rule 65 of the Federal Rules of Civil Procedure on the grounds that irreparable injury will result to Plaintiff unless the aforegoing is enjoined, that Plaintiff is likely to prevail on the merits, and that Plaintiff has no adequate remedy at law.

This motion will be and is based upon this Notice of Motion and Motion, upon the attached and hereby incorporated Memorandum of Law In Support of Motion for Preliminary Injunction, upon the Declaration of Jeannie Tsai, M.D., In Support of Motion for Preliminary Injunction served and filed herewith, upon all pleadings and papers on file herein, and upon such judicial notice as may be requested and taken, evidence adduced, and argument made at and after the hearing of this motion.

Dated:   13 November 2007

                Stephen Kent Rose
                Attorney for Plaintiff
                San Francisco Aesthetics and Laser Medicine, Inc.

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

INTRODUCTION

Plaintiff San Francisco Aesthetics and Laser Medicine, Incorporated leases a medical suite from defendant Presidio Trust at which Plaintiff engages in the medical practice of aesthetic dermatology with a special emphasis on laser treatments.  The term of the lease commenced on 15 January 2006 and runs until "[t]wo (2) years after the Commencement Date".  The lease give Plaintiff options to extend the term for up to two additional years.  When Plaintiff properly and timely gave notice of its exercise of its option to extend the term of its lease Defendant responded that Plaintiff's notice was ineffective and wrongfully claimed that the notice was given several hours too late and was improperly delivered to its real estate manager's office on the wrong side of its parking lot.  Plaintiff brought this suit seeking a declaratory judgment that it timely and properly gave notice of its exercise of its option.

2

NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF LAW IN SUPPORT

Defendant Presidio Trust is now threatening to lease Plaintiff's premises to a new tenant and to require Plaintiff to vacate the premises on 14 January 2008. Plaintiff will suffer the irreparable harm of being ousted from it's place of business before this court can decide the merits of this case if Defendant is not enjoined from interfering with Plaintiff's occupancy of its premises.

## I
## THE STANDARD FOR GRANTING A PRELIMINARY INJUNCTION

The legal standard for granting a preliminary injunction balances the plaintiff's likelihood of ultimate success on the merits against the relative hardship to the parties. *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F. 3d 1115 (9th Cir. 1999). To obtain a preliminary injunction, Plaintiff is required to demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits are raised and that the balance of hardships tips sharply in its favor. *See id.* These two alternatives represent "extremes of a single continuum," rather than two separate tests. *Id.* (quoting *Sega Enterprises, Ltd. v.Accolade, Inc.*, 977 F. 2d 1510, 1517 (9th Cir. 1992). Thus, the greater the relative hardship to Plaintiff the less probability of success must be shown. *See, National Center for Immigrants Rights v. INS, 743 F. 2d 1369 (9th Cir. 1984). See also Walczak v. EPL Prolong, Inc.* 198 F. 3d 725 (9th Cir. 1999). Plaintiff herein can demonstrate a high likelihood of success on the merits, that it will suffer grievous harm if Defendant is not enjoined from interfering with its occupancy of its premises, and that no harm will come to Defendant from granting the requested relief.

## II
## DEFENDANT PRESIDIO TRUST WRONGFULLY REFUSES TO RECOGNIZE PLAINTIFF'S EXERCISE OF ITS OPTION TO EXTEND THE TERM OF ITS LEASE

A.   Plaintiff Timely Delivered Notice of Exercise of Its Option to Extend the Term of its Lease

Article 36(A) of Plaintiff's written lease agreement with Defendant provides that "[t]enant shall have two (2) separate options (each an "Option") to extend the Term of the Lease for the additional period of one (1) year each, beginning on the second (2nd) anniversary of the Commencement Date (the

3

1  "Extended Term")…."  Article 36 (C) of the lease provides that "[t]enant shall exercise an Option, if at all,
2  by giving written notice of its exercise thereof (the "Exercise Notice") to Landlord not more than two
3  hundred seventy (270) days nor less than one hundred eighty (180) days prior to the expiration of the
4  initial or first extended Term…."  Pursuant to the "Basic Lease Information" the "Expiration Date" is
5  "Two (2) years after the Commencement Date".  The "Commencement Date" of Plaintiff's lease was 15
6  January 2006.

8  Section 12 of the California Code of Civil Procedure, which was enacted in 1872 and has been in
9  continuous force without amendment ever since, provides that "[t]he time in which any act provided by
10 law is to be done is computed by excluding the first day and including the last unless the last day is a
11 holiday, and then it is also excluded."  Applying Section 12 to Plaintiff's lease yields the following result:
12 The "Expiration Date", two years after 15 January 2006, will be 15 January 2008; 180 days before 15
13 January 2008 was 19 July 2007.  Thus 19 July 2007 was the last day for Plaintiff to give notice of the
14 exercise of its option to extend the term of its lease.

16 As set forth in the Declaration of Jeannie Tsai, M.D., served and filed herewith, Dr. Tsai both
17 faxed Plaintiff's notice of exercise of its option to Defendant on 18 July 2007 and hand delivered it on 19
18 July 2007.  The notice was timely.

20 B.  <u>Defendant Presidio Trust Is Equitably Estopped From Complaining That Plaintiff Delivered</u>
21 <u>Notice of the Exercise of Its Option to Defendant's Real Estate Manager</u>
22 Article 36(C) of Plaintiff's lease provides that written notice of the exercise of its option to extend
23 the term of its lease shall be given to "Landlord".  Article 31 of the lease provides that notices shall be in
24 writing and served personally, by air courier, or by certified mail, return receipt requested at the addresses
25 listed in the Basic Lease Information.  Article 31 provides that notices are also effective when "received"
26 at the listed addresses.  The address listed for Defendant in the Basic Lease Information is 34 Graham
27 Street, San Francisco, CA.  However, Plaintiff both faxed and hand delivered the notice of its exercise of
28

4

NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF LAW IN SUPPORT

1   its option to extend the term of its lease to the office of Defendant's real estate manager at an office across

2   the parking lot from 34 Graham Street.

4        An equitable estoppel arises when one party has by statement or conduct led another to believe a

5   particular thing true and to detrimentally act in reliance on such belief.  The party estopped is not

6   permitted to contradict the belief it has caused in any litigation arising out of such statement or conduct.

7   Equitable estoppel has been a well established part of California law since before 1895, *see Wood v.*

8   *Blaney*, 107 Cal. 291, 295, 40 P. 428 (1895), and it is a part of the modern federal common law, *see*

9   *United States of America v. Lazy FC Ranch*, 481 F.2d 985 ( 9th Cir. 1973) (United States estopped from

10   collecting money erroneously paid).

12        The elements of federal common law equitable estoppel are (1) the party to be estopped must

13   know the facts, and (2) must intend that its conduct shall be acted upon or must so act that the party

14   asserting the estoppel has a right to believe it is so intended; (3) the party asserting the estoppel must be

15   ignorant of the true facts, and (4) must detrimentally rely on the estopped party's conduct. *Ellenberg v.*

16   *Brockway*, 763 F. 2d 1091, 1096 (9th Cir. 1985) (citing 1 S. Williston, Williston on Contracts, §139 (3d

17   ed. 1957).

19        In the case at bar Defendant Presidio Trust must be presumed to know the terms of the lease it

20   drafted.  Defendant and its property managers misled Plaintiff's president Dr. Tsai into believing that

21   notice of Plaintiff's exercise of its option to extend the term of its lease should have been delivered to

22   Defendant's property manager.  At the inception of Plaintiff's lease Dr. Tsai was instructed by a Trust

23   employee that the Trust's nonresidential property manager was Coldwell Banker Richard Ellis (hereafter

24   CBRE) and that CBRE was responsible for the administration of her lease.  An email from CBRE real

25   estate manager Danielle McKinney to Dr. Tsai on 6 February 2006 to the effect that "any documentation

26   that will affect your lease" will be sent by certified mail or fax implies that any such communications with

27   the Trust should be sent through Ms. McKinney and CBRE.  Thereafter, Most of Dr. Tsai's contacts with

28   Defendant Presidio Trust concerning her lease went through CBRE.  In March of 2007, when Dr. Tsai

broached the specific topic of exercising the option with Ms. McKinney, Ms. Mc Kinney misinterpreted her inquiry as notice that the option had been exercised and advised Dr. Tsai that she would "forward" the notice to Defendant. The Trust then attempted to begin negotiating the terms of the extended lease term, implicitly accepting delivery of the notice to Ms. McKinney as an effective exercise of the option. After Dr. Tsai clarified that she had not yet exercised the option the Trust reinforced Dr. Tsai's belief that notice of exercise of the option should be through Ms. Mc Kinney by a letter encouraging her to "forward" the notice to the Trust. This letter reinforced Dr. Tsai's misunderstanding and failed to mention that the notice should go to 34 Graham Street rather than to Ms. Mc Kinney at CBRE on the other side of the parking lot. Dr. Tsai did not know that her notice was supposed to have been delivered to the Trust at 34 Graham Street until Danielle McKinney told her so, after the option period had ended and after it was too late to correct her error.

C.  <u>It Would Be Unconscionable to Permit CBRE's Bad Faith Failure to Timely Either Deliver the Notice to the Trust or Advise Dr. Tsai of Her Mistake to Cause the Forfeiture of Plaintiff's Option to Extend the Term of Her Lease</u>

Every contract carries with it an obligation of good faith and fair dealing in the performance of the contract. *Marsu, B.V. v. The Walt Disney Company*, 185 F.3d 932 (9th Cir. 1999) (citing Restatement (Second) of Contracts §205. Where one party is vested with a discretionary power affecting the rights of the other party, such power must be exercised in good faith. <u>Id</u> at 937. The covenant of good faith and fair dealing is implied in every contract to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenant) frustrates the other party's rights to the benefits of the contract. *Id* at 937-938.

Here, Defendant's property manager Danielle McKinney breached the covenant of good faith and fair dealing when she neglected to timely either deliver Plaintiff's notice to Defendant's office on the other side of the parking lot or advise Dr. Tsai of her mistake in delivering it to CBRE's office. The remedy for this breach of contract by Defendant's property manager should be to require Defendant to forego the forfeiture Plaintiff's option to extend the term of its lease.

6

III

THE BALANCE OF HARDSHIPS WEIGHS HEAVILY IN FAVOR OF PLAINTIFF

A.  <u>Plaintiff Will Suffer Imminent Irreparable Harm If Defendant Is not Restrained from Interfering With Its Occupancy</u>

As set forth in the Declaration of Jeannie Tsai, M.D. served and filed herewith Defendant has threatened to oust Plaintiff from its premises on 14 January 2008. If that happens Plaintiff will lose its unique, and uniquely accessible, premises, as well as the goodwill attached to the name Presidio Laser Medicine, and will suffer incalculable financial losses.

<u>B. No Cognizable Harm Will Come to Defendant if It is Enjoined from Interfering With Plaintiff's Occupancy</u>

In contrast, since Defendant has indicated its intent to continue leasing Plaintiff's premises and since Plaintiff is willing and able to continue paying rent, fees, and utilities for the premises, no harm will come to Defendant from Plaintiff's continued occupancy during the pendency of this case.

CONCLUSION

For all the foregoing reasons Plaintiff's motion to enjoin Defendant Presidio Trust from any interference with Plaintiff's occupancy of its premises at 5 Funston San Francisco should be granted.

Respectfully,

_____
Stephen Kent Rose
Attorney for Plaintiff
San Francisco Aesthetics and Laser Medicine, Incorporated

7

NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF LAW IN SUPPORT

CERTIFICATE OF PERSONAL SERVICE

I, Stephen Kent Rose, declare as follows:

I am a citizen of the United States and am employed in the County of Marin, State of California; I am over the age of eighteen years and not a party to this action; my business address is Post Office Box 2400, Sausalito, California 94966; on the date set forth below I served the within NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION, DECLARATION OF JEANNIE TSAI, M.D., IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION and LEASE EXHIBIT on the parties hereto by placing true copies thereof in an envelope addressed as follows:

Karen Cook
The Presidio Trust
34 Graham Street
San Francisco, Ca 94129

and by then sealing said envelope and hand delivering said envelope to Ms. Cook's office.  Karen Cook is the General Counsel of the Presidio Trust.  Ms. Cook's assistant advised me that Ms. Cook agreed to accept service of these documents on behalf of The Presidio Trust.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on 13 November 2007 at Larkspur, California.

_____
Declarant

NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF LAW IN SUPPORT