# EXHIBIT   C

Dr. Jeannie Tsai, M.D.
Presidio Laser Medicine
The Presidio
5 Funston Ave, Suite B
San Francisco, CA 94129

March 15, 2007

Danielle McKinney
CBRE
103 Montgomery Street
San Francisco, CA 94129

BY FAX AND USPS MAIL

Dear Ms. McKinney,

### Work Order Request:
On January 19, 2007 I requested from you a copy of all the past and present work orders relating to my rental, 5 Funston Ave, Suite B, and to date I have not received them.

I have also sent you an outstanding list of all work order items remaining since move in including items that you have been notified about in writing previously including leaking boilers (April 4, 2006), missing fire alarm pull stations, leaking fire sprinkler systems and missing fire alarm sensors. What is the delay in getting these items taken care of?

### Over/Double Billing:
As of 6:00 pm February 21, 2007, I am in receipt of the letter entitled Utilities Account #10819 stating an overdue balance of $514.34, dating back to 8/15/06. Nina Sessa of your Accounting Department has confirmed to me in writing that this notice of unpaid balance is incorrect and that I have a $0.00 balance due to the Presidio Trust, as of 2/22/07, and that I was never delinquent on any bills. Please immediately correct your error to ensure that my account both reflects my timely payments and notates your error.

If any other persons or parties were informed of this erroneous six month overdue balance, please correct this error in writing also and provide me with the names and contact information of the parties who were incorrectly advised.

### Illegal Lock Out:
At no time have I given permission for the illegal taking of my coat closet, which is a lease violation and clear usurpation of the usable space (the closet) delineated in my lease.

Reducing the rent by the respective square footage is not an acceptable alternative, but records of the closet dimensions are all on file with the Presidio Trust as part of the original drawings and calculations of rentable square footage.

As this is the only coat closet that has the ability to hang clothing in my rental, and as my patients must disrobe prior to procedures, this illegal usurpation severely inhibits the usefulness of the unit and obstructs conduction of my business, and prevents quiet enjoyment of the usable space delineated in my lease.

In our January 19, 2006 phone call, followed by a summary confirmatory letter, you stated that Fire Alarm panels in Multi-tenant Buildings are required by The Presidio Trust to be in locked rooms, inaccessible to all tenants. You stated this is the Trust's justification of locking my coat closet. I have obtained pictures of over 15 multi-tenant and single tenant buildings throughout the Presidio, obviously showing Fire Alarm Panels in unlocked open rooms or closets that are easily accessible to anyone, including the general public, walking through the buildings.

**Once again I request that you please provide me in writing, any and all pre-existing policies regarding the mandatory locking of all fire alarm panels, and any policy that indicates why these fifteen other buildings I have documented are exempt.**

### Worker's Compensation Insurance:
I have contracted with an independent company, which supplies temporary secretarial and personal assistant services. I am among many of their clients; I am not the sole employer of this company. Worker's compensation insurance is not required because assistants provided are not employees of my company.

### Option to Extend
I am interested in exercising the option to extend the lease on this property. Please contact me regarding this matter and the requirements to extend.

Regards,

Dr. Jeannie Tsai

Cc: Erin Magagna