# EXHIBIT J

*Stephen Kent Rose*
*Attorney at Law*

POST OFFICE BOX 2400 • SAUSALITO, CALIFORNIA • 94966 • (415) 332-6000

20 August, 2007

Erin Magagna
Presidio Trust
34 Graham Street
POB 29052
San Francisco, CA 94129

Danielle McKinney
CBRE
103 Montgomery Street
San Francisco, CA 94129

Re:   Notice of Exercise of Option to Renew Lease of 5B Funston

Dear Ms. Magagna and Ms. Mc Kinney:

    I represent San Francisco Aesthetics and Laser Medicine, Incorporated, and Jeannie Tsai, M.D. with respect to their lease of an office and medical spa at 5B Funston from the Presidio Trust. Late on the evening of 18 July 2007 my clients gave notice of the exercise of their option to renew their lease by faxing a NOTICE OF EXERCISE OF LEASE OPTION to Ms. McKinney at her office. On 19 July 2007 my clients again gave notice of the exercise of their option to renew by personally delivering their NOTICE OF EXERCISE OF LEASE OPTION to the drop box at Ms. McKinney's office.

    Rather than commence negotiations regarding the new base rent for the extended term as required by Article 36(D) of the lease, the Presidio Trust, acting through its agents CBRE and Ms. McKinney, denied that my clients had properly exercised their option. Ms McKinney claimed that the Notice came a few hours later than 180 days before expiration of the original term, and claimed that it was improperly delivered to the wrong address.

    I beg to differ. 19 July 2007 is exactly 180 days prior to 15 January 2008, the Expiration Date calculated by adding two years to the Commencement Date of 15 January 2006 as specified at page ii of the Basic Lease Information. If either of you thought this calculation incorrect you should have said so in response to my clients's letter of 19 April 2007, which both of you received, and in which they detailed their understanding that the time during which the option could be exercised "spans the time period April 20, 2007 to July 19, 2007".

    As for Ms. McKinney's claim that the Notice was incorrectly delivered, early in the relationship between my clients, the Presidio Trust, and CBRE, Ms. McKinney established in written email that "any documentation that will affect your Lease" "will be either sent certified mail or via fax" to her. Further, in response to my clients's request for information from CBRE's Ms. McKinney regarding the "requirements to extend" their lease contained in their letter dated 15 March 2007, Elena Anaya of the

Presidio Trust, in a letter dated 10 April 2007, acknowledged that my clients's inquiry as faxed to Ms. McKinney was a valid exercise of their option to renew their lease. Had the Presidio Trust, CBRE, or Ms. McKinney believed the 15 March 2007 letter faxed to Ms. McKinney ineffective to exercise my clients's option to renew it was incumbent upon all of them, in the good faith performance of their obligations under the lease, to advise my clients of that, and not mislead them by treating the fax to Ms. McKinney as a valid exercise of the option. Similarly, when Ms. McKinney received my clients's Notice exercising the option on 19 July 2007 it was incumbent upon her to either deliver the Notice to the Trust or timely advise my clients of their mistake, if, in fact, it was incorrectly delivered. Ms McKinney's bad faith failure to do either and her later claim that the Notice was improperly delivered to the wrong address were manipulative and unconscionable.

Ms. McKinney's stealthy attempt to deprive my clients of their right to renew their lease is strong evidence of invidious discrimination and unlawful retaliation against my clients for their repeated assertion of their rights under their lease and their complaints regarding CBRE's and Ms McKinney's pattern of harassment and mismanagement. Our investigation of the Presidio Trust's usual practices with respect to tenants's exercise of their options to renew leases reveals that other tenants's exercises of their options to renew are not regularly held to the exacting standard to which Ms. McKinney and CBRE would hold my clients.

Within ten days of the date of this letter the Presidio Trust must commence good faith negotiations with my clients regarding the base rent for the extended term of their lease as required by their timely notice of the exercise of their option to renew on 18 July 2007. The 90 day period for negotiations specified in Article 36(D) of the lease will be deemed to commence when I receive acknowledgement from the Trust of its obligation to negotiate in good faith as demanded herein.

If the Trust fails to commence good faith negotiations within ten days of the date of this letter I will advise my clients to prosecute all of their legal claims against the Presidio Trust, CBRE, and Ms McKinney personally. Those proceedings will include <u>Bivens</u> claims for invidious discrimination and unconstitutional retaliation for the exercise of my clients's First Amendment rights of speech, assembly, and to petition the federal government for redress of grievances. I am certain that any judge or jury objectively considering these matters will find my clients's plight these past 20 months overwhelmingly compelling and will award them not only substantial compensatory damages but also attorney fees and costs.

Very truly yours,

Stephen Kent Rose

SKR/ab

cc: Craig Middleton

2