1  STEPHEN KENT ROSE
   Attorney at Law
2  Post Office Box 2400
   Sausalito, California 94966
3  California State Bar Number 77941
   415.332.6000
4
   Attorney for Plaintiff
5  San Francisco Aesthetics and Laser Medicine, Incorporated

6

7

8              UNITED STATES DISTRICT COURT FOR THE

9                 NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12 San Francisco Aesthetics and Laser Medicine,
   Incorporated,                              Civil Action No. 07 5170 EDL
13                         Plaintiff,
                                              REPLY MEMORANDUM OF LAW IN SUPPORT
14 vs.                                        OF MOTION FOR PRELIMINARY INJUNCTION

15                                            Date:   18 December 2007
   The Presidio Trust,                        Time:   9:00 a.m.
16                         Defendant./        Place:  Courtroom E, 15th Floor
                                              Judge:  Elizabeth D. LaPort
17
                                              Complaint Filed:   9 October 2007
18

19

20

21                                    I

22        PLAINTIFF IS LIKELY TO PREVAIL ON THE MERITS OF

23           ITS CLAIM THAT ITS OPTION WAS TIMELY EXERCISED

24        By the terms of Plaintiff's lease the "Expiration Date" is "Two (2) years *after* the Commencement

25 Date", emphasis added.  Lease Exhibit p. ii.  Plaintiff's expiration date is two years *after* the

26 commencement date, not two years *from* the commencement date as in the *Robertson* case and McAdams

27 treatise cited by Defendant.

28

                                    1

1    Both section 12 of the California Code of Civil Procedure and section 10 of the California Civil Code provide that "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last…" Both sections were enacted in 1872 and neither has ever been amended. Both sections apply to contractual time limits. *Raur v. Broder*, 107 Cal. 282, 40 P. 430 (1895) (Civil Code §10 applied to promissory note), *Law v. Northern Assurance Company*, 165 Cal. 394, 132 P. 590 (1913) (Civil Code §10 and Code of Civil Procedure §12 applied to contract of insurance), *Alfinito v. Sater,* 246 Cal. App. 2d 362, 380, 54 Cal Rptr. 636, 645 (1966) (Civil Code §10 and Code of Civil Procedure §12 applied to land development contract such that "one year after April 21, 1961" "would not expire until midnight April 21 1962.").

Thus, under clearly established California law in effect on and prior to 1897, two years after 15 January 2006 (the Commencement Date specified on page ii of the lease) is calculated by excluding 15 January 2006 and adding two years. The resulting "Expiration Date" will be 15 January 2008, not 14 January 2008. Defendant's letter claiming otherwise does not change the language of the written lease.

180 days before the expiration date is calculated by again applying California Civil Code section 10 and California Code of Civil Procedure section 12 to 15 January 2008. Excluding 15 January 2008 and counting backwards 180 days yields 19 July 2007, the date Dr. Tsai hand delivered the Notice of Exercise of Lease Option to the CBRE office.

Defendant's references to section 12a of the California Code of Civil Procedure and *Gans v. Smull*, 111 Cal. App. 4th 985, 4 Cal. Rptr 3d 353 (2003) concern an altogether different section of the California Code of Civil Procedure, not subdivision (a) of section 12 as appears from Defendant's brief (section 12 has no subdivisions) and deal with the issue of whether Saturday is an excluded holiday, not whether the beginning date is included or excluded in calculating a time limit.

Further, Defendant now admits that its property manager CBRE received the Notice by fax 28 minutes after midnight of 18 July 2007. Unless she was in the office overnight Ms. McKinney would not have seen the notice any sooner had it been faxed a few minutes before midnight.

A 28 minute delay is *de minimus* in the context of a two year lease, would be disregarded by a reasonable leasor, and should be disregarded by this court. *See, Kaliterna. v. Wright*, 94 Cal. App. 2d 926, 212 P. 2d 32 (1949) (forfeiture of option to renew lease for insubstantial breaches disallowed). Defendant's attempt to seize on what it claims is only a 28 minute delay in delivery of the notice as a reason to forfeit Plaintiff's option to extend the term of its lease is evidence of Defendant's intent to retaliate against Plaintiff for Dr. Tsai's assertion of her rights under the lease.

II

PLAINTIFF IS LIKELY TO PREVAIL ON ITS CLAIM THAT DEFENDANT PRESIDIO TRUST SHOULD BE EQUITABLY ESTOPPED FROM COMPLAINING THAT THE NOTICE WAS DELIVERED TO ITS PROPERTY MANAGER

The United States Supreme Court has expressly left open the issue of applying equitable estoppel against the United States. The Court has refused to hold "that there are no cases in which the public interest in ensuring that the Government can enforce the law free from estoppel might be outweighed by the countervailing interest of citizens in some minimum standard of decency, honor, and reliability in their dealings with their Government." *Heckler v. Community Health Services of Crawford County, Inc*, 467 U.S. 51, 60-61 (1984). "Where justice and fair play require it, estoppel will be applied against the government." *Watkins v. United States Army*, 875 F. 2d 699, 706 (9th Cir. 1989).

*Office of Personnel Management v. Richmond*, 496 U.S. 414 (1990), cited by Defendant, is not to the contrary. Although the Court there held that estoppel could not be applied to require the United States to pay money from the treasury in violation of the Appropriations Clause, U.S. Const Art 1, §9, cl.7,

because to do so would in effect allow misstatements by the executive branch to usurp the power of Congress, the Court, once again, expressly declined to decide that equitable estoppel would not be available against the United States in a case "not involving payment from the Treasury." 496 U.S. at 434.

In *Watkins v. United States Army*, 875 Fed. 2d 699 (9th Cir. 1989) an en banc panel decided that the United States Army would be estopped from denying a soldier reenlistment on the ground of his acknowledged homosexuality despite an Army regulation requiring his exclusion from the army on that ground. The Army's affirmative misconduct leading to this result was its failure to enforce the regulation on previous occasions when Sergeant Watkins had reenlisted. Watkins was held to have been entitled to rely on the Army's affirmative action of reenlisting him. The Army's "ongoing active misrepresentation", 875 Fed. 2d at 708, that Watkins was eligible for service was sufficiently affirmative misconduct, and the potential harm of the loss of his career a sufficiently serious injustice, that no less an executive department that the United States Army was equitably estopped.

In the case at bar Defendant Presidio Trust is a "wholly owned government corporation", Section 103 of the Presidio Trust Act, 16 USC 460bb Appendix, and is engaged in the proprietary activity of commercial leasing. Defendant is not an executive department of the United States government and it does not engage in any sovereign function such as national defense. Thus, the additional requirements of affirmative misconduct and serious injustice should not need to be met before estoppel is applied against the Presidio Trust.

Nonetheless, the affirmative misconduct of Defendant and its real estate manager in repeatedly misleading Dr. Tsai into thinking that delivery of her letter of 15 March 2007 to CBRE could have been an effective exercise of her option is far more egregious than the Army's misrepresentation that Sergeant Watkins was qualified to reenlist in the Army. Though forfeiture of a lease is not as severe as the loss of a military career, it remains a serious injustice this court has the power to avert through the exercise of its equitable powers of estoppel and injunction.

CONCLUSION

For all the aforegoing reasons, as well as those set forth in Plaintiff's initial memorandum of law this court should enjoin defendant Presidio Trust from any interference with Plaintiff's occupancy of its premises until a final decision is reached on the merits of Plaintiff's claim.

Respectfully,

/s/
Stephen Kent Rose
Attorney for Plaintiff
San Francisco Aesthetics and Laser Medicine, Incorporated