JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
CHARLES M. O'CONNOR (SBN 56320)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7180
    Facsimile:   (415) 436-6748
    Email:      charles.oconnor@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SAN FRANCISCO AESTHETICS AND LASER MEDICINE, INC.<br><br>                Plaintiff,<br><br>v.<br><br>THE PRESIDIO TRUST,<br><br>                Defendant. | No. C 07-5170 EDL<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Date of Conference:  January 15, 2007<br>Time:                     3:00 p.m.<br>Courtroom:         E - 15th Floor |

Pursuant to Civil Local Rule ("L.R.") 16-9, the parties to the above-entitled action jointly submit the following Case Management Statement and Proposed Order and ask the Court to adopt it as its Case Management Order in this case.

**1. Jurisdiction and Service:**

The Court has jurisdiction pursuant to § 104(h) of the Presidio Trust Act, 16 U.S.C. § 460bb. The U.S. Attorney was served with process on October 9, 2007.

**2A. Facts:**

Plaintiff's Position

Plaintiff San Francisco Aesthetics and Laser Medicine, Incorporated leases a medical suite from defendant Presidio Trust pursuant to a written lease. Plaintiff's lease commenced on 15 January 2005, runs through an expiration date "[t]wo (2)years after the Commencement Date", and

//

1   contains "[t]wo (2) separate options to extend the Term for one (1) year each." Pursuant to
2   Article 36(C) of the lease Plaintiff gave Defendant timely written notice of the exercise of its first
3   option to extend the term of its lease. Pursuant to Article 36(D) of the Lease the exercise of
4   Plaintiff's option obligates defendant Presidio Trust and Plaintiff to bargain in good faith in order
5   to "reach a mutual written agreement on the Base Rent for the Extended Term." Defendant
6   Presidio Trust has failed and refuses to recognize the validity of Plaintiff's exercise of its option
7   to extend the term of its lease. Defendant Presidio Trust falsely contends that Plaintiff's written
8   exercise of its option came twenty eight minutes too late, and disingenuously complains that the
9   notice was delivered to Defendant's commercial real estate manager rather than to Defendant's
10  administrative office on the other side of their common parking lot.
11          Plaintiff timely gave written notice of the exercise of its option to extend the term of its
12  lease and properly delivered said writing to defendant Presidio Trust. Consequently, defendant
13  Presidio Trust is obligated to enter into good faith negotiations to fix the base rent for the
14  extended term. Instead, defendant Presidio Trust has sent Plaintiff a letter indicating its intent to
15  immediately find a new tenant for Plaintiff's medical suite and to move the new tenant into
16  Plaintiff's space during January 2008. Plaintiff intends to continue occupying the premises at
17  issue until at least 15 January 2009.
18          Plaintiff believes that it can prove that Defendant's refusal to bargain in good faith with
19  Plaintiff is in retaliation for Plaintiff's owner's exercise of her First Amendment right to petition
20  the United States for redress of various grievances. These grievances include Plaintiff's
21  complaints regarding the administration of Defendant's Tenant Sign Standards, Defendant's
22  partial unlawful eviction of Plaintiff from a coat closet in Plaintiff's waiting room, Defendant's
23  refusal to fairly compensate Plaintiff when a gas leak forced the closure of Plaintiff's business for
24  several days, and other matters concerning the administration of Plaintiff's lease.
25          <u>Defendant's Position</u>
26          Plaintiff entered into a two-year lease agreement with Defendant Trust that commenced
27  on January 15, 2006. Article 36(A) of Plaintiff's lease provides that Plaintiff had two separate
28

JOINT CASE MANAGEMENT STATEMENT
*SAN FRANCISCO AESTHETICS AND LASER MEDICINE v. THE PRESIDIO TRUST* C 07-5170 EDL

-2-

options to extend the term of the lease, for the additional period of one year each, beginning on the second anniversary of the commencement date, January 15, 2006.  Article 36(C) provides further that Plaintiff needed to exercise an option, if at all, by giving written notice to Defendant "not less than one hundred eighty days *prior to* the expiration of the initial term." (Emphasis added.)  After a series of correspondence exchanges with the Trust's property manager, CB Richard Ellis ("CBRE"), which broached the subject of renewal, Plaintiff ultimately delivered written notice of its intent to exercise its option to CBRE on July 19, 2006.  Defendant notified Plaintiff that such notice was inadequate as a matter of law, however, since it was not delivered to the Trust's office, as required, and it was received one day after the option period expired.  Plaintiff incorrectly maintains the notice was timely and that Defendant, through the conduct of its agent, CBRE, is estopped from claiming it failed to follow the delivery requirements specified in the lease.

**2B.  The principal factual issues which the parties dispute:**

Plaintiff's Position

a.  Plaintiff timely delivered its notice of the exercise of its option to extend the term of its lease.

b.  Defendant may not complain of the delivery of the notice to its commercial real estate manager because:

1. Defendant should be equitably estopped from doing so;

2. The bad faith performance by Defendant and its commercial real estate manager of Defendant's obligations under the lease beguiled Plaintiff to deliver the notice to Defendant's commercial real estate manager instead of to Defendant's administrative office;

3. By the course of performance under the lease the address for delivery of the notice was changed.

//

//

Defendant's Position

a. The Plaintiff failed to deliver its notice of exercise of the option to the Defendant's office, in the manner specified in the lease agreement:

    I) the lease agreement provides specific instructions for delivery of notices; and,

    ii) the only other address provided to the Plaintiff was that for rental payments.

b. The Plaintiff failed to deliver its notice of exercise of the option within the time period prescribed by the lease agreement.

c. The Plaintiff cannot satisfy the requirements to establish a claim of estoppel against the Defendant.

d. The Defendant's actions were entirely consistent with the terms of the lease agreement and in good faith and fairness toward the Plaintiff.

**3. Legal Issues:**

Plaintiff's position

a. Substantive California law as of 1897 and modern federal common law apply.

b. The Presidio Trust should be subject to the principles of equitable estoppel.

Defendant's position

a. The source of law applicable to interpret the terms of the lease agreement

b. The principle of estoppel cannot legally be applied against the Defendant, a sovereign.

**4. Motions:**

On November 13, 2007, the Plaintiff filed a motion for preliminary injunction. That motion was denied by the Court's Order, entered December 20, 2007.

Plaintiff is currently considering whether or not to appeal from that order.

**5. Amendment of Pleadings:**

Plaintiff

Plaintiff is researching its plans to file a motion pursuant to FRCP 14 and FRCP 15 seeking leave to file an amended complaint adding causes of action seeking damages from Defendant Presidio Trust and from its commercial real estate manager Danielle Mc Kinney and

her employer Coldwell Banker Richard Ellis for retaliating against Plaintiff for its owner's exercise of her first amendment right to petition the government for redress of grievances and for various breaches of the lease.

<u>Defendant</u>

Defendant does not intend to amend its Answer, at this time, but it intends to file a cross-complaint for ejectment, trespass, injunctive relief, and damages if the matter cannot be settled or otherwise resolved within a reasonable time.

**6. Evidence Preservation:**

<u>Plaintiff's Position</u>

Plaintiff requests that defendant Presidio Trust preserve all relevant materials including emails, voice mails, and electronic data, and that it order its commercial real estate manager CBRE to do likewise.

<u>Defendant's Position</u>

The Defendant is unaware of any evidence preservation issues at this time.

**7. Disclosures:**

<u>Plaintiff's Position</u>

Plaintiff disclosed most relevant materials in the exhibits to the pleadings filed in support of its motion for a preliminary injunction. Plaintiff is reviewing whether any other materials should be disclosed.

<u>Defendant's Position</u>

Defendant is in the process of making its initial disclosures in accordance with FRCP 26, and this process should be complete before the date set for the initial case management conference with the Court.

**8. Discovery:**

The parties intend to meet and confer after documents are exchanged regarding what, if any, subsequent discovery will take place and propose a discovery cut-off date and/or discovery plan.

**9. Class Action:**

Not applicable.

**10. Related Cases:**

The parties are not aware of any related cases.

**11. Relief:**

<u>Plaintiff's Position</u>

Plaintiff requests a declaratory judgment that it timely and properly gave notice of the exercise of its option to extend the term of its lease, a permanent injunction prohibiting Defendant from interfering with its occupancy of its offices at the Presidio, costs of suit, and reasonable attorney fees. Plaintiff also intends to seek damages for constitutional torts and for breach of the lease.

<u>Defendant's Position</u>

The Defendant requests a judgment of dismissal, an award of damages associated with the Plaintiff's holding-over in the premises, and an award of costs and fees.

**12. Settlement and ADR:**

<u>Plaintiff's Position</u>

Plaintiff requests a judicial settlement conference

<u>Defendant's Position</u>

The Defendant is willing to engage in mediation or participate in a Court (Magistrate Judge) supervised settlement process, provided the process can be commenced and concluded expeditiously and the plaintiff agrees to pay and timely does pay rent at the holdover rate, specified in the lease agreement, commencing January 15, 2008 and continuing while occupying the premises in a hold-over status.

**13. Consent to Magistrate Judge for all purposes:**

The parties consented, previously.

**14. Other references:**

This matter is not suitable for reference to other procedures.

**15. Narrowing of issues:**

The issues are not amenable to being narrowed by agreement or motion.

**16. Expedited schedule:**

<u>Plaintiff's Position</u>

Plaintiff requests sufficient time to conduct discovery before any dispositive motion is considered.

<u>Defendant's Position</u>

Resolution of this matter could be expedited by filing cross-motions for summary judgment.

**17. Scheduling:**

<u>Plaintiff's Position</u>

Plaintiff suggests allowing reasonable periods for Plaintiff to amend its complaint to allege its causes of action for damages and to conduct discovery and setting a trial date thereafter.

<u>Defendant's Position</u>

The parties should agree and enter into a stipulation setting dates for briefs and hearing of cross-motions for summary judgment, and ask the Court to enter an order implementing the parties' stipulated schedule.

**18. Trial:**

<u>Plaintiff's Position</u>

Plaintiff demanded trial by jury when it filed its complaint and expects a jury trial of this case to take four full days.

<u>Defendant's Position</u>

Trial may be inappropriate and unnecessary if the parties and the Court are able to resolve the matter by way of cross-motions for summary judgment.

**19. Disclosure of non-party interested entities or persons:**

The parties are not aware of any such entities or persons.

//

**20. Other matters:**

The parties are not aware of any such matters.

Respectfully submitted,

Dated: January 9, 2008                /s/

STEPHEN KENT ROSE

Attorney for Plaintiff


JOSEPH P. RUSSONIELLO

United States Attorney


Dated: January 9, 2008                /s/

CHARLES M. O'CONNOR

Assistant United States Attorney

Attorneys for the Defendant

**ORDER**

IT IS SO ORDERED.

Dated: January__, 2008

_____

ELIZABETH D. LAPORTE

United States Magistrate Judge