United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO AESTHETICS AND
LASER MEDICINE INC

        Plaintiff,

   v.

THE PRESIDIO TRUST

        Defendant.
_____/

No. C-07-05170 EDL

CASE MANAGEMENT ORDER

Following the Case Management Conference held on January 15, 2008, IT IS HEREBY ORDERED THAT:

1. <u>DISCOVERY</u>

    a. All non-expert discovery shall be completed no later than June 15, 2008. There will be no further non-expert discovery after that date except by order of the Court for good cause shown. Motions to compel non-expert discovery must be filed within the time limits contained in Civil Local Rule 26-2.

    b. Each side shall be limited to three depositions. Each party may propound 25 requests for documents, 25 interrogatories and 25 requests for admission on each opposing party.

    c. Initial expert disclosures shall be made no later than May 15, 2008. Rebuttal expert disclosures shall be made no later than June 1, 2008 . All treating physicians who will provide opinion testimony beyond that which can be provided by a lay person must be disclosed as expert witnesses, but they need not prepare expert reports unless ordered to do so by the Court.

    d. All expert discovery shall be completed no later than June 15, 2008. There will be no further expert discovery after that date except by order of the Court for good cause shown.

Motions to compel expert discovery must be filed within the time limits contained in Civil Local Rule 26-2.

   e.   Rule 26(e)(1) of the Federal Rules of Civil Procedure requires all parties to supplement or correct their initial disclosures, expert disclosures, pretrial disclosures, and responses to discovery requests under the circumstances itemized in that Rule, and when ordered by the Court. The Court expects that the parties will supplement and/or correct their disclosures promptly when required under that Rule, without the need for a request from opposing counsel. **In addition to the general requirements of Rule 26(e)(1), the parties will supplement and/or correct all previously made disclosures and discovery responses 28 days before the fact discovery cutoff date.**

   f.   Pursuant to Civil L.R. 37-1(b), telephone conferences are available to resolve disputes during a discovery event, such as a deposition, where the resolution during the event likely would result in substantial savings of expense or time.

   g.   **Privilege logs.** If a party withholds information that is responsive to a discovery request, and is otherwise discoverable under the Federal Rules of Civil Procedure, by claiming that it is privileged, or protected from discovery under the attorney work product doctrine or any other protective doctrine (including, but not limited to, privacy rights), that party shall prepare a "privilege log" (Fed. R. Civ. P. 26(b)(5)) setting forth the privilege relied upon and specifying separately for each document or for each category of identically situated documents:

   1.   The name, job title, or capacity of the author;
   2.   The name, job title, or capacity of each recipient;
   3.   The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);
   4.   The title and description of the document;
   5.   The subject matter addressed in the document;
   6.   The purpose(s) for which it was prepared or communicated; and
   7.   The specific basis for the claim that it is privileged.

The privilege log will be produced as quickly as possible, but no later than 14 days after the discovery responses are due, unless the Court orders otherwise in a particular case.

      h.     In responding to requests for documents and materials under Rule 34 of the Federal Rules of Civil Procedure, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced <u>all</u> such materials so described that are locatable after a diligent search of <u>all</u> locations at which such materials might plausibly exist.

3. <u>MOTIONS</u>

The last day to file a motion, or stipulation and proposed order, to join other parties or to amend the pleadings shall be April 15, 2008. However, as discussed at the conference, Plaintiff shall provide a copy of its proposed amended complaint to Defendant no later than February 15, 2008 and shall file a motion to amend its complaint no later than March 4, 2008 if the parties cannot stipulate to amendment.

The last day for hearing dispositive motions shall be August 26, 2008 at 9:00 a.m. The parties have informed the Court that they intend to file cross motions for summary judgment. Defendant's dispositive motion shall be served and filed no later than **forty-two (42)** days prior to the scheduled hearing date. Plaintiff's opposition and cross-motion shall be served and filed no later than **twenty-eight (28)** days prior to the hearing date. Defendant's reply and opposition to Plaintiff's motion shall be filed no later than **twenty-one (21)** days prior to the hearing date. Plaintiff's final reply shall be filed no later than **fourteen (14)** days prior to the date of the hearing. No more than four briefs shall be filed. However, the parties may request page extensions if there is good cause.

4. <u>ALTERNATIVE DISPUTE RESOLUTION/SETTLEMENT CONFERENCE</u>

A settlement conference shall be scheduled before another Magistrate Judge of this court. Counsel will be contacted by that judge's chambers with a date and time for the conference.

IT IS SO ORDERED.

Dated: January 31, 2008

                                                ELIZABETH D. LAPORTE
                                                United States Magistrate Judge