STEPHEN KENT ROSE
Attorney at Law
Post Office Box 2400
Sausalito, California 94966
California State Bar Number 77941
415 332 6000

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| San Francisco Aesthetics and Laser Medicine, Incorporated, Jeannie Tsai, M.D., <br> Plaintiffs, <br><br> vs. <br><br> The Presidio Trust, Danielle McKinney, and Erin Magagna, <br> Defendants./ | Civil Action No. 07 5170 EDL <br><br> [PROPOSED] <br> FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND PRELIMINARY INJUNCTION <br><br> DEMAND FOR JURY TRIAL |

Plaintiffs allege as follows:

1.     Plaintiff San Francisco Aesthetics and Laser Medicine, Incorporated (hereafter San Francisco Aesthetics) is a California corporation having its principal place of business at The Presidio, San Francisco, California.

2.     Plaintiff Jeannie Tsai, M.D. is the president, sole director, and sole stockholder of San Francisco Aesthetics and Laser Medicine, Incorporated.

3.     Defendant Presidio Trust is a wholly owned United States government corporation charged with the management of the inland areas within the Presidio of San Francisco.

4.     CB Richard Ellis Group. Incorporated (hereafter CBRE), is a Delaware corporation having its principal executive office at Los Angeles, California.  CBRE is, and at all times mentioned herein was, defendant Presidio Trust's commercial real estate manager and is charged with managing the lease between defendant Presidio Trust and plaintiff San Francisco Aesthetics.

.

5.     Defendant Danielle McKinney is, and at all times mentioned herein was, an employee of CBRE with the title senior real estate manager, an agent of defendant Presidio Trust, and the individual in charge of managing the lease between defendant Presidio Trust and plaintiff San Francisco Aesthetics.

6.     Adam Engelskirchen is, and at all times mentioned herein was, an employee of Defendant Presidio Trust with the title Director of Real Estate whose duties include oversight of CBRE's management of the lease between defendant Presidio Trust and plaintiff San Francisco Aesthetics.

7.     Defendant Erin Magagna is, and at all times mentioned herein was, an employee of defendant Presidio Trust with the title non-residential property manager whose duties include oversight of CBRE's management of the lease between Defendant Presidio Trust and plaintiff San Francisco Aesthetics.

JURISDICTION

8.     This court has subject matter jurisdiction of this action pursuant to section 104 (h) of The Presidio Trust Act, 16 USC §460bb Appendix (2008) and pursuant to 28 USC §1331 (2008).

INTRADISTRICT ASSIGNMENT

9.     The demised premises at issue are located, and all matters alleged herein took place in the City and County of San Francisco.

FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY RELIEF AND PRELIMINARY INJUNCTION;
DEMAND FOR JURY TRIAL

DECLARATORY JUDGMENT

10.     This is a cause of action for declaratory judgment pursuant to 28 USC §2201 for the purpose of determining an actual controversy between the parties.  The following actual controversy has arisen between the parties:

   a.     Plaintiff San Francisco Aesthetics leases a medical spa from defendant Presidio Trust pursuant to a written lease;

   b.     The lease commenced on 15 January 2005, runs through an expiration date "[t]wo (2) years after the Commencement Date", and contains "[t]wo (2) separate options to extend the Term for one (1) year each";

   c.     Pursuant to Article 36(C) of the lease Plaintiffs gave defendant Presidio Trust timely written notice of the exercise of the first option to extend the term of the lease;

   d.     Pursuant to Article 36(D) of the Lease the exercise of the option obligates defendant Presidio Trust and plaintiff San Francisco Aesthetics to bargain in good faith in order to "reach a mutual written agreement on the Base Rent for the Extended Term";

   e.     Defendant Presidio Trust has failed and refuses to recognize the validity of plaintiff San Francisco Aesthetics's exercise of its option to extend the term of its lease.  Defendant Presidio Trust falsely and wrongfully contends that the written exercise of its option came twenty eight minutes too late, and disingenuously complains that the notice was delivered to Defendant's commercial real estate manager rather than to defendant Presidio Trust's administrative office on the other side of their common parking lot;

   f.     Plaintiff San Francisco Aesthetics timely exercised its option to extend the term of its lease and properly delivered said writing to defendant Presidio Trust.  Consequently, defendant Presidio Trust is obligated to enter into good faith negotiations to fix the base rent for the extended term;

   g.     Instead, defendant Presidio Trust has sent Plaintiff San Francisco Aesthetics a letter indicating its intent to immediately find a new tenant for Plaintiff's medical suite and to move the

1    new tenant into Plaintiff's space during January 2008;

2         h.    Defendant Presidio Trust's refusal to bargain in good faith with plaintiff San

3    Francisco Aesthetics is in retaliation for Plaintiffs's exercise of their clearly established first

4    amendment rights to free speech, to free association, and to petition the United States for redress

5    of grievances.

6         i.    Plaintiff San Francisco Aesthetics intends to continue occupying the premises at

7    issue until at least 15 January 2009.

8

9                          PRELIMINARY INJUNCTION

10    11.    Plaintiff San Francisco Aesthetics seeks preliminary injunctive relief pursuant to FRCP 65.

11    Plaintiff San Francisco Aesthetics will suffer irreparable injury if defendant Presidio Trust is not

12    preliminarily enjoined from interfering with Plaintiff San Francisco Aesthetics's occupancy of its medical

13    suite. Plaintiff San Francisco Aesthetics has no adequate remedy at law.

14

15              RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS

16    12.    Plaintiff Jeannie Tsai, M.D. has on several occasions asserted grievances against defendant

17    Presidio Trust and defendant Danielle McKinney regarding the administration of the lease and actions

18    taken or proposed to be taken against Plaintiff San Francisco Aesthetics by defendant Danielle McKinney

19    or defendant Presidio Trust.  Plaintiff Jeannie Tsai, M.D. has also attempted to organize a group of

20    commercial tenants of defendant Presidio Trust for their common welfare.

21

22         13.    In consequence of and as retaliation for these protected activities, and in callous disregard

23    of Plaintiffs's clearly established first amendment rights to petition the United States government for

24    redress of grievances, to free speech, and to free association, defendants Danielle McKinney and Erin

25    Magagna have conspired to cause and have caused defendant Presidio Trust to refuse to renew or to

26    extend the term of the aforesaid lease of defendant San Francisco Aesthetics.  Said individual defendants

27    used Plaintiffs's failure to strictly comply with the notice provision of the lease and a specious argument

28

FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY RELIEF AND PRELIMINARY INJUNCTION;
DEMAND FOR JURY TRIAL

1 that the notice of exercise of the option to extend the term of the lease at issue herein came 28 minutes too

2 late as pretenses to justify the refusal to recognize Plaintiff San Francisco Aesthetics's exercise of its

3 option.  Plaintiffs are informed and believe that defendant Presidio Trust does not ordinarily strictly

4 enforce the notice and timing conditions of options to extend the terms of its commercial leases and that

5 defendant Presidio Trust ordinarily agrees to extend the terms of other commercial tenants despite the

6 tardiness or the delivery to CBRE of their notices of exercise of their option.

7

8    14.    This retaliatory refusal to renew or extend the term of Plaintiff San Francisco Aesthetics's

9 lease deprives both Plaintiff Jeannie Tsai, M.D. and Plaintiff San Francisco Aesthetics of their clearly

10 established first amendment rights to speak freely, to freely associate with others, and to petition the

11 United States government for redress of grievances.

12

13    15.    Said retaliation has caused Plaintiff Jeannie Tsai, M.D. severe emotional distress, and has

14 caused economic damages to both plaintiffs.

15

16    ARBITRARY AND DISCRIMINATORY PRIOR RESTRAINT OF SPEECH

17    16.    Plaintiff San Francisco Aesthetics and plaintiff Jeannie Tsai, M.D. have on several

18 occasions attempted to post signs and banners publicizing the existence and location of Plaintiffs's

19 medical practice on and in the immediate vicinity of the demised premises.

20

21    17.    On each such occasion defendant Danielle Mc Kinney, with the approval of defendant Erin

22 Magagna, has forbidden the display of the proposed sign or banner, basing her denial on defendant

23 Presidio Trust's written sign standards.

24

25    18.    Said sign standards require prior approval for the posting of any sign or banner, lack clear

26 standards for approval or disapproval of any particular sign, encourage arbitrary disapproval of protected

27 speech, and are administered in an uneven and discriminatory fashion by defendants Danielle McKinney

28

FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY RELIEF AND PRELIMINARY INJUNCTION;
DEMAND FOR JURY TRIAL

1  and Erin Magagna in callous disregard of Plaintiffs's clearly established first amendment rights to

2  freedom of speech.  Several other commercial tenants of defendant Presidio Trust are allowed by

3  defendants McKinney and Magagna to display, in the vicinity of Plaintiff's premises, signs and banners

4  comparable to those Plaintiffs were forbidden to display.

5

6         19.    Said sign standards, and their arbitrary and discriminatory enforcement by defendants

7  Daniel McKinney and Erin Magagna have and continue to deprive plaintiffs San Francisco Aesthetics and

8  Jeannie Tsai, M.D. of their clearly established first amendment right of free speech, have caused both

9  plaintiffs to suffer economic damages, and have caused severe emotional distress to plaintiff Jeannie Tsai,

10  M.D.

11

12                 BREACHES OF LEASE AND VIOLATION OF DUE PROCESS

13         20.    The lease between Plaintiff San Francisco Aesthetics and Laser Medicine, Incorporated

14  and defendant Presidio Trust requires defendant Presidio Trust to place and maintain Plaintiff San

15  Francisco Aesthetics in peaceful possession of the demised premises at 5B Funston.

16

17                              Partial Unlawful Eviction

18         21.    On or about 19 January 2007 defendants Presidio Trust, Danielle McKinney, and Erin

19  Magagna intentionally, forcibly, without legal process, and in violation of Plaintiffs's clearly established

20  fifth amendment rights to due process of law, evicted Plaintiff San Francisco Aesthetics from a portion of

21  the demised premises formerly used as a coat closet in the public waiting area of the demised premises.

22  There is no other closet in the public portion of the demised premises.  As a consequence Plaintiff's

23  patients have no place to hang their garments while being treated.

24

25         22.    Plaintiff San Francisco Aesthetics has suffered financial damages, and Plaintiff Jeanie

26  Tsai, M.D. has suffered emotional distress from this unlawful partial eviction in the amount of

27  $50,000.00.

28
FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY RELIEF AND PRELIMINARY INJUNCTION;
DEMAND FOR JURY TRIAL

Negligent Maintenance

23.     On or about April 2006 a gas leak resulting from defendant Presidio Trust's negligent maintenance of the demised premises ousted Plaintiff San Francisco Aesthetics from the demised premises for several days and caused Plaintiff San Francisco Aesthetics to cancel patients for six days, all to its damage in the amount of $36,000.00.

PRAYER

Wherefore, Plaintiffs pray:

1.     For declaratory judgment that Plaintiff San Francisco Aesthetics timely and properly exercised its option to extend the term of its lease and that defendant Presidio Trust is obligated to enter into good faith negotiations with it to fix the base rent for the extended one year term;

2.     For a preliminary injunction enjoining defendant Presidio Trust from interfering with Plaintiff San Francisco Aesthetics's occupancy of its medical spa during the pendency of this action;

3.     For judgment for compensatory damages from defendants Danielle McKinney and Erin Magagna in the amount of $500,000.00 for violation of Plaintiffs's rights to free speech, to petition the United States government for redress of grievances, and to freely associate with others.

4.     For judgment for compensatory damages from defendants Danielle McKinney and Erin Magagna in the amount of $50,000.00 for violation of Plaintiffs's rights to due process of law.

5.     For damages for breach of lease and partial unlawful eviction from defendant Presidio Trust in the amount of  $86,000.00.

6.     For attorney fees and costs of suit;

7.     For such other and further relief as is just and proper.

Dated: 4 March 2008

_____
Stephen Kent Rose
Attorney for Plaintiffs
San Francisco Aesthetics and Laser Medicine, Incorporated
and Jeannie Tsai, M.D.

FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY RELIEF AND PRELIMINARY INJUNCTION; DEMAND FOR JURY TRIAL

1

DEMAND FOR JURY TRIAL

2

    Plaintiffs San Francisco Aesthetics and Laser Medicine, Incorporated and Jeannie Tsai, M.D.
hereby demand trial by jury.

3

4

Dated: 15 February 2008                        _____

5                                              Stephen Kent Rose
                                               Attorney for Plaintiffs
6                                              San Francisco Aesthetics and Laser Medicine, Inc. and
                                               Jeannie Tsai, M.D.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28