JOSEPH P. RUSSONIELLO
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
CHARLES M. O'CONNOR (SBN 56320)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7180
    Facsimile:   (415) 436-6748
    Email:      charles.oconnor@usdoj.gov

Attorneys for Defendant
and Counter-Claimant

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SAN FRANCISCO AESTHETICS AND LASER MEDICINE, INC. <br><br> Plaintiff, <br><br> v. <br><br> THE PRESIDIO TRUST, <br><br> Defendant. <br><br> THE UNITED STATES OF AMERICA <br><br> Defendant and Counter-Claimant, <br><br> v. <br><br> SAN FRANCISCO AESTHETICS AND LASER MEDICINE, INCORPORATED, JEANNIE TSAI, M.D., <br><br> Plaintiffs and Counter-Defendants | No. C 07-5170 EDL <br><br> **ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND PRELIMINARY INJUNCTION; COUNTERCLAIMS FOR BREACH OF LEASE, DEFAULT, EJECTMENT, TRESPASS AND INJUNCTIVE RELIEF** |

    COMES NOW the defendant the Presidio Trust ("Trust") and answers the allegations in the First Amended Complaint for Damages, Declaratory Relief, and Preliminary Injunction ("Complaint") filed by plaintiffs San Francisco Aesthetics and Laser Medicine, Inc. ("SF Aesthetics") and Jeannie Tsai, M.D. ("Tsai") (collectively, the "Plaintiffs"), as follows:

1. The Trust lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis, they are denied.

2. The Trust lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2, and on that basis, they are denied.

3. Paragraph 3 is admitted.

4. The Trust admits that CB Richard Ellis Group, Incorporated ("CBRE") was and is the Trust's commercial real estate manager and charged with managing the lease between the Trust and SF Aesthetics. The Trust lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and on that basis, they are denied.

5. The Trust admits that defendant Danielle McKinney was and is an employee of CBRE. The Trust lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5, and on that basis, they are denied.

6. The Trust admits that Adam Engelskirchen was and is an employee of the Trust. Except as expressly admitted, Paragraph 6 is denied.

7. The Trust admits that defendant Erin Magagna was and is an employee of the Trust. Except as expressly admitted, Paragraph 7 is denied.

8. The allegations in Paragraph 8 are conclusions of law and therefore no response is required.

9. The Trust admits that the subject leased premises is located within the City and County of San Francisco. The Trust lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and on that basis, they are denied.

10. The first sentence of Paragraph 10 recites Plaintiffs' characterization of their lawsuit, which requires no response. To the extent it may be construed to require a response, it is denied. The second sentence, and its lettered subparts, is answered as follows:

   a. The Trust admits that SF Aesthetics occupies a suite of offices pursuant to a written lease (the "Lease"). Except as expressly admitted, Subpart a. is denied.

b. Subpart b. is denied. The allegations in this subpart purport to characterize the contents of the Lease, which speaks for itself and is the best evidence of its contents.

c. Subpart c. is denied.

d. Subpart d. is denied. The allegations in this subpart purport to characterize the contents of the Lease, which speaks for itself and is the best evidence of its contents.

e. Subpart e. is denied.

f. Subpart f. is denied.

g. The Trust admits that on September 26, 2007, it sent a letter to SF Aesthetics indicating its intent to begin showing the subject leased premises to potential tenants. Except as expressly admitted, Subpart g. is denied.

h. Subpart h. is denied.

i. The Trust lacks knowledge sufficient to form a belief as to the truth of the allegations in Subpart I., and on that basis, they are denied.

11. The first sentence of Paragraph 11 recites Plaintiffs' characterization of their lawsuit, which requires no response. To the extent it may be construed to require a response, it is denied. The remaining allegations of Paragraph 11 are denied.

12. The Trust admits that Tsai, on behalf of SF Aesthetics, made certain demands on the Trust that were purportedly based on the Lease. Except as expressly admitted, the first sentence of Paragraph 12 is denied. The Trust lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and on that basis, they are denied.

13. Paragraph 13 is denied.

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.

16. The Trust admits that Plaintiffs have requested permission to post signs at the subject leased premises. Except as expressly admitted, Paragraph 16 is denied.

17. The Trust admits that Plaintiffs were denied permission to post signs at the subject leased premises. Except as expressly admitted, Paragraph 17 is denied.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied.

20. Paragraph 20 is denied. The allegations in this paragraph purport to characterize the contents of the Lease, which speaks for itself and is the best evidence of its contents.

21. Paragraph 21 is denied.

22. Paragraph 22 is denied.

23. Paragraph 23 is denied.

The remainder of the Complaint consists of Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, the Trust denies that the Plaintiffs are entitled to the relief requested or any relief whatsoever.

**AFFIRMATIVE DEFENSES**

The Trust alleges as follows:

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Court lacks jurisdiction over the Complaint.

3. The purported claims in the Complaint, and each of them, are barred by the doctrine of sovereign immunity.

4. The Plaintiffs failed to exhaust administrative remedies before filing their Complaint.

6. The Plaintiffs' allegations, that they are threatened with irreparable harm and that an injunction is necessary to prevent irreparable harm, lack any foundation in fact in that

//

the Trust has not taken any action to disturb or interfere with Plaintiffs' present occupancy and use of the premises.

## COUNTERCLAIMS FOR BREACH OF LEASE, DEFAULT, EJECTMENT, TRESPASS AND INJUNCTIVE RELIEF

### INTRODUCTION

Plaintiffs served their Complaint on the United States on or about October 9, 2007. The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting on behalf of and at the request of the Trust, hereby files the following counterclaims and alleges as follows:

### STATEMENT OF THE COUNTERCLAIMS

1. The Trust brings these counterclaims for breach of lease, trespass, ejectment, injunctive relief, and damages against SF Aesthetics as well as for breach of lease guaranty against Tsai (hereafter SF Aesthetics and Tsai are collectively referred to as "Counter-Defendants"). Counter-Defendants occupy and operate a commercial business, without legal authority, in certain real property owned by the United States of America and administered by the Trust. The Trust also seeks to require Counter-Defendants to remove all furniture, business and medical equipment, and any other personal property and debris from the same real property; or, in the alternative, to pay for the costs of such removal and any restoration; to enjoin the Counter-Defendants from future use of said real property without lawful authorization; and, to obtain an award of monetary damages and the costs of suit from the Court. Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. sections 516 and 519.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. sections 1331 and 1345.

//

//

3. Pursuant to 28 U.S.C. section 1391(a), (b), and (c), venue is proper in this judicial district because the land that is the subject of this action is situated in the City and County of San Francisco, California, which is within the Northern California District, and the Counter-Defendants reside and/or do business in this District.

**PARTIES**

4. Counter-Defendant San Francisco Aesthetics is a corporation which is doing business at the Presidio of San Francisco. Counter-Defendant Tsai is a citizen of the United States of America who is also doing business at the Presidio of San Francisco. The Presidio of San Francisco is situated within the City and County of San Francisco, California.

5. The United States is a sovereign nation and the fee owner of the public lands which are subject of this action. In accordance with Title I of the Omnibus Parks and Public Lands Management Act of 1996, P.L. 104-333 (the "Act"), set out at 16 U.S.C. section 460 bb appendix, the Trust was established. In accordance with that Act, the Trust is a wholly owned corporation of the United States of America, with the specific purpose of preserving, enhancing, and maintaining the Presidio of San Francisco ("the Presidio") as a park using revenues from its leasable assets to fund that effort. Congress gave the Trust jurisdiction over the inland 1,168 acres of the Presidio, and required that the Trust become independent of annual federal appropriations by FY 2013. The Trust was given significant financial authorities, including the authority to enter into real estate transactions to carry out its duties and its mission.

**GENERAL ALLEGATIONS**

6. In accordance with its authority under the Act, the Trust entered into the Lease, which was a two-year lease agreement with SF Aesthetics entered on December 16, 2005 for use of the real property known as Suite B, 5 Funston Avenue (the "Premises").

7. As a condition to the Trust's execution of the Lease, the Trust required and Tsai agreed to guaranty SF Aesthetics' performance of the Lease. Tsai executed a written

Guaranty of Lease on November 7, 2005, which expressly guaranteed the performance of the Lease by SF Aesthetics (the "Guaranty").

8. Article 36(A) of the Lease provided SF Aesthetics with two separate options to extend the term of the Lease, for the additional period of one year each, beginning on the second anniversary of the Lease's Commencement Date, January 15, 2006. To exercise the first option, Article 36(C) further required SF Aesthetics give written notice to the Trust not "less than one hundred eighty (180) days prior to the expiration of the initial…term." Under the terms of the Lease, SF Aesthetics had to give written notice of its exercise to the Trust on or before July 18, 2007, which is one hundred and eighty days prior to the termination of the Lease's original term (January 14, 2008).

9. On July 19, 2007, an untimely written Notice of Exercise of Lease Option was delivered not to the Trust, but to the Trust's Leasing Office.

10. On or about August 9, 2007, the Trust wrote SF Aesthetics that its exercise was inadequate because, contrary to the express terms of the Lease, 1) the notice was delivered after the expiration of the option period, and 2) the notice was not delivered to the Trust. The Trust also advised SF Aesthetics that, because the option was not properly exercised, the Lease would expire by its terms on January 14, 2008 and requested that SF Aesthetics return the Premises to the Trust in accordance with the Lease.

11. SF Aesthetics did not vacate the Premises as required by the Lease and continues to occupy the Premises, without lawful authority or claim of right and, thus, is in trespass. By failing to vacate the Premises, remove all furniture, business and medical equipment, and any other personal property and debris from the Premises, and by continuing to occupy and use the Premises unlawfully and in trespass, SF Aesthetics is in violation of the terms of its Lease. Unless enjoined, SF Aesthetics will continue to unlawfully occupy and disturb the Premises.

12. Because of its failure to vacate the Premises, SF Aesthetics is a "holdover" tenant subject to the terms of Article 21 of the Lease. By letter dated January 15, 2008, the Trust notified SF Aesthetics of its holdover status and its obligations under Article 21 of the Lease, including the amount of monthly rental due at the holdover rate, as set forth in Article 21 of the Lease.

13. Counter-Defendants have acknowledged receipt of the Trust's letter and notice, but they failed and refused and continue to fail and refuse to pay monthly rental in accordance with their obligations under Article 21 of the Lease. As a result, the Counter-Defendants are in default of the Lease under Article 22(A) and the Trust is entitled to the remedies specified in Article 22(B) of the Lease.

The United States respectfully reserves the right to modify, revise, or supplement this Answer to the Complaint, and to plead such further defenses and counterclaims as may become necessary as this case develops through discovery and otherwise, if any.

## FIRST CLAIM FOR RELIEF

(Ejectment)

14. The United States re-alleges and incorporates the allegations presented in paragraphs 1 though 13 of the Counter-Claims, above.

15. The United States is entitled to possession of the federal land, described above as the Premises, based on the federal common law of ejectment, and to an order from this Court directing the Defendants to immediately remove themselves, all furniture, business and medical equipment, and any other personal property and debris from the Premises.

16. The Defendants unauthorized use and occupancy of the Premises constitutes a continuing trespass, which, unless permanently enjoined, will persist.

17. The United States does not have an adequate remedy at law that would preclude the Defendants' continuing unlawful occupancy and use of the Premises.  Accordingly, the United States is entitled to an order ejecting the Defendants from such land and enjoining

their further use and occupancy of the Premises without written authorization from the United States.

## SECOND CLAIM FOR RELIEF

(Trespass, Injunctive Relief, Damages, and Restoration)

18. The United States re-alleges and incorporates the allegations presented in paragraphs 1 though 17 of the Counter-Claims, above.

19. Defendants' continued unauthorized use and occupancy of the Premises constitutes a trespass on the real property of the United States.

20. The Defendants are required to vacate the Premises, to remove all their personal property, other material, and debris, and to restore and cleanup the Premises.

21. The United States is also entitled to monetary damages from Defendant SF Aesthetics including, but not limited to, the amount of total past-due holdover rent, described above, together with additional damages for SF Aesthetics' wrongful hold over in possession of the Premises without the Trust's authorization or permission.

22. The United States is also entitled to monetary damages from Defendant Tsai including, but not limited to, the amount of total past-due holdover rent, described above, together with additional damages for SF Aesthetics' wrongful hold over in possession of the Premises without the Trust's authorization or permission.

23. Unless enjoined, the Defendants will continue to occupy and conduct activities on the Premises without authorization and interfere with the United States' lawful protection, administration, and control of the Premises, causing it irreparable harm. The United States is entitled to an order enjoining the Defendants from the use and occupancy of the Premises.

24. The United States does not have an adequate remedy at law, which would preclude the Defendants' continued occupancy and use of the Premises.

//

WHEREFORE, the United States respectfully requests that the Court:

1. Deny SF Aesthetics' and Tsai's claims for relief and any relief, whatsoever;

2. Enter judgment in favor of the United States as to each and every claim asserted by SF Aesthetics and Tsai and dismiss their Complaint with prejudice;

3. Enter judgment against SF Aesthetics, for ejectment from the Premises, forfeiture of the Lease and/or and other right to claim possession and immediate restitution of the Premises to the United States;

4. Enter judgment against SF Aesthetics, for damages in the amount of past due holdover rent described above together with additional damages for SF Aesthetics' wrongful holdover in possession of the Premises without the Trust's permission;

5. Enter judgment against Tsai, for damages in the amount of past due holdover rent described above together with additional damages for SF Aesthetics' wrongful holdover in possession of the Premises without the Trust's permission;

6. Enter judgment against SF Aesthetics and Tsai, for damages in the amount of damages caused by SF Aesthetics' trespass on the Premises beginning January 15, 2008;

7. Enter judgment against SF Aesthetics and Tsai, for reasonable attorneys' fees; and,

//
//
//
//
//
//
//
//
//

8. Award the United States its costs of suit and such other relief as the Court may deem just and proper.

DATED: April 21, 2008                    Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

/s/
_____
CHARLES M. O'CONNOR
Assistant United States Attorney

Attorneys for the United States America

OF COUNSEL:

SUSAN THERESA TAYLOR
Assistant General Counsel
Presidio Trust