JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
Northern District of California
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CHARLES M. O'CONNOR  (CSBN 56320)
    Assistant United States Attorney
    450 Golden Gate Avenue, 9th Floor
    P.O. Box 36055
    San Francisco, CA 94102-3495
    Telephone:   (415) 436-7200
    Facsimile:   (415) 436-6748

Attorneys for Defendants
and Counter-Complainant

### IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SAN FRANCISCO AESTHETICS AND LASER MEDICINE, INC. | ) **No. C 07-5170 EDL** |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| THE PRESIDIO TRUST, | ) ) **THE UNITED STATES' NOTICE** |
| Defendant. | ) **OF MOTION AND MOTION FOR** ) **JUDGMENT ON THE PLEADINGS** |
| THE UNITED STATES OF AMERICA, | ) ) Date:  July 22, 2008 |
| Defendant and Counter-Claimant, | ) Time:  9:00 a.m. ) Ctrm:  E, 15th Floor |
| v. | ) ) |
| SAN FRANCISCO AESTHETICS AND LASER MEDICINE, INCORPORATED, JEANNIE TSAI, M.D. | ) ) ) ) |
| Plaintiffs and Counter-Defendants. | ) ) |

**PLEASE TAKE NOTICE** that defendant United States of America (hereafter, "United

States" or "Federal Defendant"), will move this Court on **July 22, 2008,** at 9:00 a.m. in

Courtroom E, 15th Floor, United States Federal Building, 450 Golden Gate Ave., San Francisco,

United States' Motion for Judgment on the Pleadings
*San Francisco Aesthetics v. The Presidio Trust*  C 07-5170 EDL

1  California, before the Honorable Elizabeth D. Laporte, U.S. Magistrate Judge, pursuant to Fed.

2  R. Civ. P. 12(c), for an order granting the United States judgment on the pleadings as to

3  plaintiffs' claims for money damages against the United States.  This motion is based on this

4  notice, the First Amended Complaint for Damages, Declaratory Relief, and Preliminary

5  Injunction, the memorandum of points and authorities which follows, and all the matters of

6  record filed with the Court, and such other evidence as may be submitted.

7  **1.  INTRODUCTION**

8    The Complaint alleges, *inter alia*, tort and constitutional claims against the United States.

9  This Court lacks jurisdiction over the tort claims under the Federal Tort Claims Act ("FTCA")

10  because plaintiffs have, among other things, failed to exhaust their administrative remedies by

11  filing a proper administrative claim under 28 U.S.C. § 2675.  *McNeil v. United States*, 508 U.S.

12  106, 113 S.Ct. 1980 (1993).

13    Also, under settled law, the plaintiffs cannot sue the United States for federal constitutional

14  violations.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-486, 114 S.Ct. 996 (1994).

15    The Court should grant the United States' motion for judgment on the pleadings.

16  **2.  PLAINTIFFS' COMPLAINT**

17    Plaintiff San Francisco Aesthetics and Laser Medicine ("S.F. Aesthetics") leases a medical

18  suite from Defendant Presidio Trust ("Defendant Trust" or "Trust") pursuant to a written lease.

19  S.F. Aesthetics' lease provides that it has two separate options to extend the term of the lease, for

20  the additional period of one year each, beginning on the second anniversary of the

21  commencement date, January 15, 2006.   The lease provides further that S.F. Aesthetics needed

22  to exercise an option, if at all, by giving written notice to Defendant Trust "not less than one

23  hundred eighty days *prior to* the expiration of the initial term."  (Emphasis added.)  After a series

24  of correspondence exchanges with the Trust's property manager, CB Richard Ellis ("CBRE"), in

25  which S.F. Aesthetics ultimately rejected an exercise of the option to extend the term of the lease,

26  S.F. Aesthetics attempted to change course but ultimately delivered written notice of its intent to

27  exercise its option to CBRE after the lease option period expired.  Defendant Trust notified S.F.

28  Aesthetics that such notice was inadequate as a matter of law because 1) it was not delivered to

1   the Trust's office, as required, and 2) it was received one day after the option period expired.

2   S.F. Aesthetics erroneously argues that the notice was timely and that Defendant Trust, through

3   the conduct of its agent, CBRE, is estopped from claiming the S.F. Aesthetics failed to follow the

4   delivery requirements specified in the lease.

5       S.F. Aesthetics and its principal, plaintiff Dr. Jeanie Tsai ("Tsai") (hereafter also collectively

6   referred to as "Plaintiffs") filed their First Amended Complaint for Damages, Declaratory Relief,

7   and Preliminary Injunction (hereafter also referred to as "the Complaint") on April 10, 2008.

8       Paragraph 21 of the Complaint alleges that in January, 2007, the Trust and others

9   "intentionally, forcibly, and without legal process, and in violation of Plaintiffs' clearly

10  established fifth amendment rights of due process of law, evicted Plaintiff San Francisco

11  Aesthetics from a portion of the demised premises formerly used as a coat closet in the public

12  waiting area of the demised premises.

13      In Paragraph 22, the Complaint alleges that "San Francisco Aesthetics has suffered financial

14  damages, and Plaintiff Jeanie Tsai, M.D. has suffered emotional distress from this unlawful

15  partial eviction in the amount of $50,000.00."

16      In Paragraph 23, the Complaint alleges that in April 2006 a gas leak resulting from defendant

17  Presidio Trust's negligent maintenance of the demised premises ousted Plaintiff San Francisco

18  Aesthetics from the demised premises for several days and caused Plaintiff San Francisco

19  Aesthetics to cancel patients for six days, all to its damage in the amount of $36,000.00.

20      The Plaintiffs also demanded a jury trial.   Complaint, at p. 8.

21  **3.  STANDARD FOR RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**

22      "After the pleadings are closed but within such time as not to delay the trial, any party may

23  move for judgment on the pleadings."  Fed R. Civ. Proc. 12(c). The legal standards for rules

24  12(b)(6) and (c) are virtually interchangeable. *Strigliabotti v. Franklin Resources, Inc.* 398

25  F.Supp.2d 1094, 1097. Judgment on the pleadings is appropriate when, even if all material facts

26  in the pleading under attack are true, the moving party is entitled to judgment as a matter of law.

27  *Hal Roach Studio, Inc. v. Richard Feiner & Co., Inc.* 896 F.2d 1542, 1550 (9th Cir. 1990). The

28  court must assume the truth of all the material facts alleged in the complaint; moreover, all

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

inferences reasonably drawn from those facts must be construed in favor of the responding party. *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

**4.  THE UNITED STATES' MOTION FOR JUDGMENT ON THE PLEADINGS SHOULD BE GRANTED**

**A.  This Court Lacks Subject Matter Jurisdiction Over the FTCA Claims**

For purposes of this motion, the United States assumes that the Plaintiff are suing the United States under the Federal Tort Claims Act ("FTCA").  In alleged torts committed by employees of the United States, the FTCA is the exclusive remedy against the United States.  28 U.S.C. § 2679(b)(1); *Ward v. Gordon*, 999 F.2d 1399, 1401 (9th Cir. 1993).  In order to sue the United States under the FTCA, plaintiff must first file an administrative claim with the proper agency. *McNeil v. United States*, 508 U.S. 106 (1993).  Filing an administrative claim is a jurisdictional prerequisite to suit.  28 U.S.C. § 2675; *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (en banc).

Here, the Plaintiffs failed to satisfy the jurisdictional prerequisite; thus, their tort claims (alleged in Paragraphs 21, 22, and 23 of the Complaint) are barred as a matter of law and cannot be maintained.

**B.  The Claims Cannot be Maintained as Contract Claims.**

In the alternative, if the Plaintiffs should now contend that any of the claims alleged in Paragraphs 21, 22, an 23 of the Complaint are contract claims, such an argument is fatally flawed.

The Tucker Act confers exclusive jurisdiction on the Court of Federal Claims for non-tort, i.e., contract, claims against the United States exceeding $10,000.  28 U.S.C. § 1491(a)(1). *Wilkins v. United States*, 279 F.3d 782, 785 (9th Cir. 2002).   Therefore, the Plaintiffs cannot successfully maintain their claims of $50,000 and $36,000, respectively, as alleged in Paragraphs 21, 22, and 23 of the Complaint, because this District Court lacks jurisdiction over such claims. 28 U.S.C. § 1491(a)(1).  *Wilkins,* 279 F.3d at 785; *M-S-R Pub. Power Agency v. Bonneville*

//

1    *Power Admin.*, 297 F.3d 833, 840 (9th Cir., 2002); *Tucson Airport Auth. v. General Dynamics*

2    *Corp.*, 136 F.3d 641, 646 (9th Cir., 1998).

3        Accordingly, the Court should grant the United States judgment on the pleadings as to

4    Paragraphs 21, 22, and 23 of the Complaint.

5        **C.  Plaintiffs Cannot Sue the United States under the Federal Constitution**

6        Plaintiff has alleged constitutional claims under the Due Process clause, Fifth Amendment,

7    United States Constitution.  No such claims are allowed against the United States.  *F.D.I.C. v.*

8    *Meyer*, 510 U.S. 471, 484-486 (1994).

9        The United States should be granted judgment on the pleadings on Plaintiffs' claims, alleged

10    in Paragraphs 21, 22, and 23, and they should be dismissed with prejudice.

11    **3.  CONCLUSION**

12        Based on all the foregoing reasons, the United States respectfully asks the Court to grant its

13    motion for judgment on the pleadings as to the claims alleged in Paragraphs 21, 22, and 23 of the

14    Complaint.

15                                    Respectfully submitted,

16                                    JOSEPH P. RUSSONIELLO
                                       United States Attorney
17
                                            /s/
18    Dated: June 10, 2008        _____

19                                    CHARLES M. O'CONNOR
                                       Assistant United States Attorney
20
                                              Attorneys for the United States of America
21

22

23

24

25

26

27

28