1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  Northern District of California
   JOANN M. SWANSON (CSBN 88143)
3  Chief, Civil Division
   CHARLES M. O'CONNOR  (CSBN 56320)
4     Assistant United States Attorney
      450 Golden Gate Avenue, 9th Floor
5     P.O. Box 36055
      San Francisco, CA 94102-3495
6     Telephone:  (415) 436-7200
      Facsimile:   (415) 436-6748
7
   Attorneys for Defendants
8  and Counter-Complainant

9              IN THE UNITED STATES DISTRICT COURT

10        FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12  SAN FRANCISCO AESTHETICS AND        ) No. C 07-5170 EDL
13  LASER MEDICINE, INC., et al.,       )
                                        )
14              Plaintiffs,             )
                                        )
15          v.                          )
                                        )
16  THE PRESIDIO TRUST, et al.          )
                                        )  DEFENDANT'S NOTICE OF MOTION
17              Defendants.             )  AND MOTION TO COMPEL DISCOVERY
    _____ )  RESPONSES FROM PLAINTIFFS
18                                      )
    THE UNITED STATES OF AMERICA,       )
19                                      )
                Defendant and          )  Date: July 29, 2008
20              Counter-Claimant,       )  Time: 9:00 a.m.
                                        )  Ctrm: E, 15th Floor
21          v.                          )
                                        )
22  SAN FRANCISCO AESTHETICS AND        )
    LASER MEDICINE, INCORPORATED,       )
23  JEANNIE TSAI, M.D.                  )
                                        )
24              Plaintiffs and          )
                Counter-Defendants.     )
25  _____ )

26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................. iv, v

INTRODUCTION ........................................................... 1

ARGUMENT ............................................................... 1

  A. THE REQUESTED DOCUMENTS AND ANSWERS TO INTERROGATORIES ARE
  RELEVANT, NOT PRIVILEGED, AND SHOULD HAVE BEEN PROVIDED IN
  RESPONSE TO DISCOVERY REQUESTS .................................... 1

    1.  Plaintiffs Failed to Produce Documents Relevant To Plaintiff Tsai's Claims of
      Emotional and Physical Damages by Improperly Claiming an Attorney Work
      Product Privilege ................................................ 1

        a.  Plaintiffs Should be Compelled to Produce these Documents and
          Sanctions Should Apply Since Plaintiffs had a Mandatory Duty to
          Disclose these Documents ..................................... 1

            i.    Document Request Number 2 to Plaintiff Tsai and Response .... 2

            ii.   The Attorney Work Product Privilege Does Not Apply to these
                 Documents ........................................... 2

    2.  Plaintiffs Failed to Provide Complete Responses to Interrogatories Requesting
      Relevant Discoverable Information .................................. 3

        a.  Plaintiff Should be Compelled to Provide the Full Information, Including
          Addresses and Other Information Bearing on Identity, of Persons Named
          in Plaintiffs' responses ....................................... 3

            i.    Interrogatories to Plaintiff Tsai Numbers 2 (and the Identically
                 Worded Interrogatory to Plaintiff SF Aesthetics Number 2), 6, 9,
                 12, and 18 and Responses ............................... 3

            ii.   Plaintiffs Must Provide the Full Information ................ 4

        b.  Plaintiffs Should be Compelled to Disclose the Full Information
          "Identifying" the Photographs Responsive to the Interrogatory ........ 5

            i.    Interrogatory to Plaintiff SF Aesthetics Number 3 and
                 Interrogatory to Plaintiff Tsai Number 3 and Responses ........ 6

            ii.   Plaintiffs Must Provide the Full Information ................ 6

        c.  Plaintiffs Should be Compelled to Provide Complete Responses to
          Interrogatories to which They Improperly Objected to what They
          Characterize as "Subparts" ..................................... 6

            i.    Interrogatories to Plaintiff Tsai Numbers 7, 9, 10, 11, 12, and 14
                 and Responses ....................................... 7

       ii.    Interrogatories to Plaintiff SF Aesthetics Numbers 2, and 6, and Responses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

       iii.   Plaintiffs' "Subparts" Objections are Unsupportable and Plaintiffs Must Therefore Provide the Full Information . . . . . . . . . . . . . . . 9

   d.   Plaintiffs Should be Compelled to Provide Complete Responses to Interrogatories which they Improperly Labeled as "Burdensome" . . . . . 10

       i.    Interrogatory Number 17 to Plaintiff Tsai and Number 8 to Plaintiff SF Aesthetics and Responses . . . . . . . . . . . . . . . . . . . . . 10

       ii.   Plaintiffs' "Burdensome" Objection is Without Merit and Plaintiffs Therefore Should be Compelled to Respond . . . . . . . . . . . . . . . 10

3.   Plaintiffs Refused to Supply any Responses or Deposition Testimony Relevant To Their Claim of Retaliation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

   a.   Plaintiffs Should be Compelled to Respond and Sanctions Should Apply Since Plaintiffs had a Mandatory Duty to Disclose this Information . . . 11

       i.    Interrogatory to Plaintiff Tsai Number 15 and Response . . . . . . 12

       ii.   Plaintiffs have no Associational Privacy Privilege Allowing them to Avoid their Duty to Respond . . . . . . . . . . . . . . . . . . . . . . . . . 12

4.   Plaintiffs have Erroneously Refused to Provide the Identity of Witnesses on the Grounds that Patient Information is Protected by HIPAA . . . . . . . . . . . . . . . . . . 14

   a.   Plaintiffs Should be Compelled to Respond . . . . . . . . . . . . . . . . . . . . . . . 14

       i.    Interrogatories to Plaintiff Tsai Numbers 19 and 20, and to Plaintiff SF Aesthetics Numbers 10 and 11, and Responses . . . . 15

       ii.   Plaintiffs' HIPAA Objection is Without Merit and Plaintiff Should be Compelled to Disclose the Identity of Both Patients and Non-Patient Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

5.   Plaintiffs Have Erroneously Claimed a Creative Objection to Impermissible Subparts within the Definition of "Identify" as well as a Meritless Relevancy Objection . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

   a.   Plaintiffs should be compelled to respond . . . . . . . . . . . . . . . . . . . . . . . . 16

       i.    Interrogatories to Plaintiff SF Aesthetics Numbers 12, 13, 14, and 15 (and Identical Interrogatories to Plaintiff Tsai Numbers 21, 22, 23, and 24) and Responses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

       ii.   Plaintiffs' Objections are Without Merit . . . . . . . . . . . . . . . . . . 18

B. PLAINTIFFS FAILED TO MAKE THEIR OBJECTIONS TO WRITTEN INTERROGATORIES IN A TIMELY MANNER IN ACCORDANCE WITH THE REQUIREMENTS OF THE FEDERAL RULES AND THOSE OBJECTIONS ARE THEREFORE WAIVED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

TABLE OF AUTHORITIES

FEDERAL CASES

Boy Scouts of America v. Dale,
   530 U.S. 640 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

California Pro-Life Council, Inc. v. Randolph,
   507 F.3d 1172 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Certain Underwriters at Lloyds, London, Subscribing to Certificate of Insurance OP010025 ex
rel. Puget Sound Underwriters, Inc. v. Inlet Fisheries, Inc.,
   232 F.R.D. 609 (D. Ala. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Chapman v. California Department of Education,
   2002 WL 32854376 (N.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

City of Dallas v. Stanglin,
   490 U.S. 19 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

DIRECTV, Inc. v. Puccinelli,
   224 F.R.D. 677 (D. Kan. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 11

Fletcher v. Atex, Inc.,
   156 F.R.D. 45 (S.D.N.Y. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fox v. California Sierra Financial Services,
   120 F.R.D. 520 (N.D. Cal. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Garnish v. M/V EYAK LLC,
   2008 WL 2278238 (D. Ala. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Ginn v. Gemini Inc.,
   137 F.R.D. 320 (D. Nev. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Govas v. Chalmers,
   965 F.2d 298 (7th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

McConnell v. Federal Election Com'n,
   540 U.S. 93 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

NAACP v. Alabama,
   357 U.S. 449 (1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Ratesi v. Sun State Trees & Property Maintenance, Inc.,
   2007 WL 1796256 (M.D. Fla. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Roberts v. United States Jaycees,
   468 U.S. 609 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Safeco of America v. Rawstron,
   181 F.R.D. 441 (C.D. Cal.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Scaife v. Boenne,
    191 F.R.D. 590 (N.D. Ind. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

Soto v. City of Concord,
    162 F.R.D. 603 (N.D. Cal.1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4, 18

St. Paul Reinsurance Co., Ltd. v.Commercial Fin'l Corp.,
    198 F.R.D. 508 (N.D. Iowa 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

Taverns for Tots, Inc. v. City of Toledo,
    341 F. Supp. 2d 844 (N.D. Ohio 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

United States v. Adlman,
    134 F.3d 1194 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

Walls v. Paulson,
    2008 WL 2175248 (D.D.C. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

Willingham v. Ashcroft,
    226 F.R.D. 57 (D.D.C. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

FEDERAL STATUTES

42 U.S.C. 1320 d-6(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

45 C.F.R. 164 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

Fed. R. Civ. P. 26(b)    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4, 16

Fed. R. Civ. P. 33(a)(2)    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   passim

Fed. R. Civ. P. 37(a)(5)(A)    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

MISCELLANEOUS

Schwarzer, Federal Civil Procedure Before Trial § 11:1734 . . . . . . . . . . . . . . . . . . . . . . . .   11

1    **PLEASE TAKE NOTICE** that defendant United States of America (hereafter, "United

2    States" or "Federal Defendant"), will move this Court on **July 29, 2008,** at 9:00 a.m. in

3    Courtroom E, 15th Floor, United States Federal Building, 450 Golden Gate Ave., San Francisco,

4    California, before the Honorable Elizabeth D. Laporte, U.S. Magistrate Judge, for an order

5    compelling the plaintiffs to provide responsive documents and answer fully interrogatories

6    requested by the defendant Presidio Trust. This motion is based on this notice, the relevant

7    discovery requests, the Declaration of Charles M. O'Connor, the memorandum of points and

8    authorities which follows, and all the matters of record filed with the Court, and such other

9    evidence as may be submitted.

10    ## INTRODUCTION

11    The Presidio Trust served appropriate interrogatories and requests for production upon the

12    plaintiffs.  Plaintiffs' responses raise improper objections and fail to provide documents and

13    information pursuant to the discovery rules provided in the Federal Rules of Civil Procedure.

14    The relevant background information regarding the subject document requests is supplied within

15    the Argument, which follows.

16    ## ARGUMENT

17    **A. THE REQUESTED DOCUMENTS AND ANSWERS TO INTERROGATORIES
18    ARE RELEVANT, NOT PRIVILEGED, AND SHOULD HAVE BEEN PROVIDED
      IN RESPONSE TO DISCOVERY REQUESTS**

19            **1.    Plaintiffs Failed to Produce Documents Relevant To Plaintiff Tsai's
                      Claims of Emotional and Physical Damages by Improperly Claiming
20                    an Attorney Work Product Privilege**

21                        **a.    Plaintiffs Should be Compelled to Produce these Documents
                                  and Sanctions Should Apply Since Plaintiffs had a Mandatory
22                                Duty to Disclose these Documents**

23    Plaintiffs responded to one of the United States's requests for the production of documents

24    related to Plaintiff Tsai's claims of emotional and physical damages by improperly claiming an

25    attorney work product privilege. In the meet and confer, Plaintiffs continued to claim this

26    privilege and refused to produce the documents. The specific request and response are as

27    follows:

28    //

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### i. Document Request Number 2 to Plaintiff Tsai and Response

DOCUMENT REQUEST NO. 2:

All medical records, charts, x-rays, bills, and other documents you intend to rely on at trial to prove damages in this Action.

> Response: Objection. Trial plans are protected attorney work product and it is premature to compile trial exhibits

### ii. The Attorney Work Product Privilege Does Not Apply to these Documents

Rule 26(b)(3) provides that a "party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial." The plain language of this rule makes it clear that medical documents prepared by physicians and hospitals to treat a patient were not prepared "in anticipation of litigation or for trial" and therefore do not fall under the protection of the attorney work product doctrine. Indeed, courts have held that documents prepared in the ordinary course of business are not protectable as work product; even if they may be useful in litigation, they were not prepared "in anticipation of" litigation or trial - i.e., they would have been created in essentially the same form regardless of the litigation. *See United States v. Adlman*, 134 F.3d 1194, 1202 (2nd Cir. 1998) (holding that "[e]ven if [documents prepared in the ordinary course of business] might also help in preparation for litigation, they do not qualify for protection because it could not fairly be said that they were created "because of" actual or impending litigation."

The language in the request for documents which Plaintiffs "intend to rely on at trial" does not in and of itself invoke the attorney work product privilege. In *Fox v. California Sierra Financial Services*, 120 F.R.D. 520, 529, (N.D. Cal. 1988), plaintiffs requested business documents "on which defendants intend to rely at trial." The court held that the attorney work product protection did not apply because the "interrogatories seek only the facts on which defendants intend to rely and not documents containing defendants' attorney's thought processes," and the court compelled disclosure by ordering that "defendants shall respond to the interrogatories by stating all facts which support the affirmative defenses, without the limiting language [("intend to rely at trial")] quoted." The United States seeks a similar solution to the Plaintiffs' stonewalling objection to the United States' request: an order compelling Plaintiffs to

DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFFS
*San Francisco Aesthetics v. The Presidio Trust* C 07-5170 EDL    -2-

respond by disclosing all medical records in Plaintiffs' control which support their claims.

        **2.      Plaintiffs Failed to Provide Complete Responses to Interrogatories Requesting Relevant Discoverable Information**

                **a.      Plaintiff Should be Compelled to Provide the Full Information, Including Addresses and Other Information Bearing on Identity, of Persons Named in Plaintiffs' responses**

"Identify" in the instructions for answering the USA's Interrogatories required Plaintiffs to provide the full information, including addresses and other information bearing on identity, of persons named in Plaintiffs' responses. Plaintiffs supplied only the names and phone numbers for the persons identified. In the meet and confer, Plaintiffs continued to refuse to provide the full information, claiming for the first time that they do not have the information. Plaintiffs' responses are improper, incomplete and unacceptable. Plaintiffs must provide all the information requested regarding the persons identified in their responses to interrogatories. The specific interrogatories and their responses for which Plaintiffs did not provide the full information required are as follows.

                **i.      Interrogatories to Plaintiff Tsai Numbers 2 (and the Identically Worded Interrogatory to Plaintiff SF Aesthetics Number 2), 6, 9, 12, and 18 and Responses**

INTERROGATORY NO. 2:
Identify every person known to you, your representatives, or your attorneys that witnessed the Incidents, or any part of them, alleged in this Action, and briefly describe what each person has knowledge of concerning each Incident.

Response: Objection. 2 subparts. Danielle McKinney is a witness to all aspects of this case. Elena Anaya and Erin Magagna, both Presidio Trust employees are witness to several aspect of this case. People who used to work next door at 5A Funston including Darren Karopczyc know about the false fire alarms. Presidio Fire Department Fire Captain Dave Raffo knows about the gas leak. A PG&E representative with initials "RH" knows about the April 2006 gas leak. A Presidio Work Order desk employee named Eric knows about instructions not to advise Dr. Tsai about her work orders. Individuals knowledgeable about other aspects of this case include the following persons: Chandra Britt Armstrong, 678 672 4100, witnessed Presidio Trust suppression of Plaintiffs's banner. Tia Lombardi, Presidio Trust Director of Public Affairs, was involved in the Presidio Post's cancellation of the feature article on Plaintiffs. Mark Romeo, 415 395 9315, witnessed Plaintiff Tsai's emotional distress. Adam Kesselman and his partner Steve , proprietors of Dish Café, witnessed events related to defendants refusal to allow Plaintiffs to use Windmasters. Francisco De Costa, 415 816 2307, witness locked closet and Plaintiff Tsai's distress. Kristen Parrinnello, 619 997 4436, corroborates Plaintiff Tsai's interactions with defendants. Pamela Kamatani, 415 387 6550, witnessed emotional distress and attempt by Presidio Trust employee to lock the circuit breaker at 5 Funston. Eileen Han, 917 697 5932, witnessed emotional distress. Eden Weber 415 422 0088, witnessed plaintiff Tsai's emotional distress and is knowledgeable about the service dog incident. Ryan Chang, 415 833 8057, witnessed plaintiff Tsai's emotional

distress.  Steve Green, 415 673 2326, witnessed plaintiff Tsai's emotional distress.  Dan Stegink 415 244 5281 witnessed interaction between plaintiffs and defendants.  Jennifer Loayza, 415 823 1329, witnessed interaction of plaintiffs and defendants.  Mai Pham, 832 300 5593, witnessed plaintiff Tsai's emotional distress.

INTERROGATORY NO. 6:

Identify and list, in chronological order, the name, address, and telephone number of each health care provider who rendered treatment or care to you during the five (5) years prior to January 15, 2005.

Response: Kaiser San Francisco, Marcus Hartsfield,  415 286 3298

INTERROGATORY NO. 9:

Identify and list each health care provider who rendered treatment or care to you subsequent to the date of any of the Incidents, and, for each health care provider, identify his or her specialty, last known address and telephone number, and the inclusive dates of treatment.

Response: Objection 3 Subparts.  Kaiser San Francisco, Dora Chin, Kaiser Dermatologist, Marcus Hartsfield, MFT, 415 286 3298.  See Medical Records for additional details.

INTERROGATORY NO. 12:

If you are claiming past or future general damages as a result of the allegations and claims in the complaint in this Action, set forth in detail the nature of such losses, (e.g., pain and suffering, loss of enjoyment of life, etc.), the amount of each such past or future loss, the factual basis or evidentiary proof upon which each amount is based, the name, address, and telephone number of any person or organization that will support your claim for past or future general damages, and a detailed description of the substance of each person's or organization's evidentiary testimony or proof.

Response: Objection.  5 Subparts.  Severe emotional distress, loss of enjoyment of life, shock and indignation at being treated unfairly by the government in the amount of $500,000.00.  Corroborating witnesses include Pamela Kamatani, 415 387 6550, Eileen Han, 917 697 5932, Eden Weber 415 422 0088, Ryan Chang, 415 833 8057  Steve Green, 415 673 2326.  Plans for trial testimony are attorney work product.

### ii.    Plaintiffs Must Provide the Full Information

An interrogatory may relate to anything within the permissible scope of discovery as defined by Fed. R. C. P. 26(b), and the responding party must disclose all information known or available to it, unless a valid objection applies. Fed. R. C. P. 33(a)(2) and (b)(1), (3). The scope of discovery under the Federal Rules of Civil Procedure is extremely broad, and parties are entitled to obtain discovery regarding any matter that may be relevant to the pending action. *Soto v. City of Concord,* 162 F.R.D. 603, 610 (N.D. Cal. 1995).  In a motion to compel, the burden of proof is on the responding party to justify its objections or failure to provide complete answers. Adv. Comm. Notes to 1970 Amendment to FRCP 33(a). If the motion to compel is granted, then the court "must" award expenses unless it finds that the opposition was "substantially justified." Fed. R. Civ. P. 37(a)(5)(A).

Plaintiffs must provide the full information requested, unless they have a valid objection, and no such objection was asserted. In the few cases where a responding party has been recalcitrant enough to refuse to provide this full information and the requesting party was forced to bring a motion to compel, the courts have all ruled that the responding party must provide the full information, including addresses and telephone numbers. *See, e.g., DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 682-83 (D.Kan. 2004) (holding that where "interrogatories define the term 'identity' as 'the full name, residence and business addresses and residence and business phone numbers of the person or entity, not his attorney,'" the interrogating party was "entitled to know the residence and business addresses and phone numbers" of the persons whose identity was requested); *Scaife v. Boenne,* 191 F.R.D. 590, 594 (N.D.Ind. 2000) (granting the motion to compel and holding that since FRCP 26(a)(1)(A) requires the name, address, and telephone numbers of individuals who may have relevant discoverable information, it was not unreasonable for the party to request this information in an interrogatory.)

        **b.    Plaintiffs Should be Compelled to Disclose the Full Information "Identifying" the Photographs Responsive to the Interrogatory**

"Identify" in the instructions for answering the United States' Interrogatories required Plaintiffs to include full information "identifying"the photographs, photographers, etc., responsive to the interrogatory. In the meet and confer Plaintiffs offered to supply some limited information but continued to refuse to provide the full information identifying the photographs, contending that the dates of the photographs were supplied in an electronic record. The Plaintiffs were informed that the Defendant has been unable to open such a record in the electronic files supplied. Plaintiffs' response is improper, incomplete and unacceptable. Plaintiffs must provide all the information requested regarding the photographs identified in their responses to interrogatories including the date of each. The specific interrogatories and their responses were identical for each plaintiff, and are as follows

//

//

1

2

### i.    Interrogatory to Plaintiff SF Aesthetics Number 3 and Interrogatory to Plaintiff Tsai Number 3 and Responses

INTERROGATORY NO. 3:
If you intend to rely on any photographs to prove any of the Claimed Injuries and/or damages you assert in this Action, identify each photograph and state the date the photograph was taken and the person who took the photograph. These photographs should include, but are not limited to, any photographs taken at the scene of each of the Incidents, at any time.

Response: Photographs will be produced pursuant to FRCP 33(d)

### ii.    Plaintiffs Must Provide the Full Information

Again, the Plaintiffs claimed no objection to justify an incomplete answer to a request for relevant discoverable information. As discussed above, since the Plaintiffs have put forward no valid objection, they must disclose all requested information.

In response, Plaintiffs stated that photographs would be produced pursuant to FRCP 33(d), and subsequently, they did produce photographs on a CD but without the identifying information required and Dr. Tsai could not completely identify the copies of the photos discussed during her deposition. There is nothing in FRCP 33(d) that would allow plaintiff to evade the request for identifying information. Normally, if the information sought is contained in the responding party's files and records, she is under a duty to search the records and provide the answers. *Govas v. Chalmers*, 965 F.2d 298, 302 (7th Cir. 1992). Rule 33(d) simply allows for the party to avoid this normal requirement and produce the records themselves for inspection. It goes without saying that the information sought must be contained in the records, themselves, when produced.

### c.    Plaintiffs Should be Compelled to Provide Complete Responses to Interrogatories to which They Improperly Objected to what They Characterize as "Subparts"

Plaintiffs object to what they characterize as "subparts" to each of the referenced Interrogatories. In the meet and confer, Plaintiffs continued to stand by these objections and refused to provide the requested information. These objections are supported by neither the content of the interrogatories nor any rationale or legal authorities, and therefore, they are improper, incomplete and unacceptable, and Plaintiffs should be compelled to provide complete responses. The interrogatories and responses are as follows:

i.    **Interrogatories to Plaintiff Tsai Numbers 7, 9, 10, 11, 12, and 14 and Responses**

INTERROGATORY NO. 7:

If you ever sustained an injury or trauma requiring medical, psychiatric, or psychological treatment during the five years before January 15, 2005, set forth the date and location, the name and address of each person involved, and the nature of his or her involvement, the nature and the extent of the injury or trauma, including whether any part of the body injured, whether the injury or trauma was disabling, and if so, whether the disability was temporary or permanent.

Response: Objection 8 Subparts. None.

INTERROGATORY NO. 9:

Identify and list each health care provider who rendered treatment or care to you subsequent to the date of any of the Incidents, and, for each health care provider, identify his or her specialty, last known address and telephone number, and the inclusive dates of treatment.

Response:  Objection 3 Subparts.  Kaiser San Francisco, Dora Chin, Kaiser Dermatologist, Marcus Hartsfield, MFT, 415 286 3298.  See Medical Records for additional details. [Note: No "Medical Records" were supplied by Plaintiff.]

INTERROGATORY NO. 10:

Itemize all expenses incurred by you from each and every health care provider from whom you received treatment or care subsequent to the date of any of the Incidents; identify all documents which evidence the cost of treatment; and indicate whether the expense has been paid, and if so, by whom.

Response:  Objection 4 Subparts. No additional expense incurred.  See Kaiser records. [Note: No "Kaiser records" were supplied by Plaintiff]

INTERROGATORY NO. 11:

Identify any medicines have been prescribed as a result of your Claimed Injuries; identify all documents which evidence the cost of said medicines and state the names and addresses of the suppliers of said medicines; and indicate whether the expense has been paid, and if so, by whom.

Response: Objection, 5 subparts.  Kenalog.

INTERROGATORY NO. 12:

If you are claiming past or future general damages as a result of the allegations and claims in the complaint in this Action, set forth in detail the nature of such losses, (e.g., pain and suffering, loss of enjoyment of life, etc.), the amount of each such past or future loss, the factual basis or evidentiary proof upon which each amount is based, the name, address, and telephone number of any person or organization that will support your claim for past or future general damages, and a detailed description of the substance of each person's or organization's evidentiary testimony or proof.

Response: Objection.  5 Subparts.  Severe emotional distress, loss of enjoyment of life, shock and indignation at being treated unfairly by the government in the amount of $500,000.00. Corroborating witnesses include Pamela Kamatani, 415 387 6550, Eileen Han, 917 697

5932, Eden Weber 415 422 0088, Ryan Chang, 415 833 8057 Steve Green, 415 673 2326. Plans for trial testimony are attorney work product.

INTERROGATORY NO. 14:

Identify and explain in detail whether you have ever filed another lawsuit, made a claim for an injury of any kind (physical, psychological, emotional, financial, or others), or filed a workers' compensation claim. "Explain in detail" includes, but is not limited to, the date that each such claim or lawsuit was filed or lodged, the nature and type of each such claim or lawsuit, the name of the court, commission, or other body in which each such claim or lawsuit was brought, and its reference or claim number, the illnesses, injuries, or physical, psychological, emotional, financial, or other conditions alleged, whether any money was received by settlement or trial, the amount of money received, and the names and address of all health care providers who treated or examined you.

Response: Objection. 8 subparts. None.

### ii.     Interrogatories to Plaintiff SF Aesthetics Numbers 2, and 6, and Responses

INTERROGATORY NO. 2:

Identify every person known to you, your representatives, or your attorneys that witnessed the Incidents, or any part of them, alleged in this Action, and briefly describe what each person has knowledge of concerning each Incident.

Response: Objection. 2 subparts. Danielle McKinney is a witness to all aspects of this case. Elena Anaya and Erin Magagna, both Presidio Trust employees are witness to several aspect of this case. People who used to work next door at 5A Funston including Darren Karopczyc know about the false fire alarms. Presidio Fire Department Fire Captain Dave Raffo knows about the gas leak. A PG&E representative with initials "RH" knows about the April 2006 gas leak. A Presidio Work Order desk employee named Eric knows about instructions not to advise Dr. Tsai about her work orders. Individuals knowledgeable about other aspects of this case include the following persons: Chandra Britt Armstrong, 678 672 4100, witnessed Presidio Trust suppression of Plaintiffs's banner. Tia Lombardi, Presidio Trust Director of Public Affairs, was involved in the Presidio Post's cancellation of the feature article on Plaintiffs. Mark Romeo, 415 395 9315, witnessed Plaintiff Tsai's emotional distress. Adam Kesselman and his partner Steve , proprietors of Dish Café, witnessed events related to defendants refusal to allow Plaintiffs to use Windmasters. Francisco De Costa, 415 816 2307, witness locked closet and Plaintiff Tsai's distress. Kristen Parrinnello, 619 997 4436, corroborates Plaintiff Tsai's interactions with defendants. Pamela Kamatani, 415 387 6550, witnessed emotional distress and attempt by Presidio Trust employee to lock the circuit breaker at 5 Funston. Eileen Han, 917 697 5932, witnessed emotional distress. Eden Weber 415 422 0088, witnessed plaintiff Tsai's emotional distress and is knowledgeable about the service dog incident. Ryan Chang, 415 833 8057, witnessed plaintiff Tsai's emotional distress. Steve Green, 415 673 2326, witnessed plaintiff Tsai's emotional distress. Dan Stegink 415 244 5281 witnessed interaction between plaintiffs and defendants. Jennifer Loayza, 415 823 1329, witnessed interaction of plaintiffs and defendants. Mai Pham, 832 300 5593, witnessed plaintiff Tsai's emotional distress.

//

DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFFS
*San Francisco Aesthetics v. The Presidio Trust* C 07-5170 EDL                                      **-8-**

INTERROGATORY NO. 6:

If you are claiming past or future general damages as a result of the allegations and claims in the complaint in this Action, set forth in detail the nature of such losses, (e.g., pain and suffering, loss of enjoyment of life, etc.), the amount of each such past or future loss, the factual basis or evidentiary proof upon which each amount is based, the name, address, and telephone number of any person or organization that will support your claim for past or future general damages, and a detailed description of the substance of each person's or organization's evidentiary testimony or proof.

Response: Objection.  5 Subparts, Plans for trial testimony are attorney work product.

**iii.     Plaintiffs' "Subparts" Objections are Unsupportable and Plaintiffs Must Therefore Provide the Full Information**

Subparts can either count as part of the same interrogatory or as separate interrogatories, depending on how closely related the subparts are to the same subject. There is no bright-line test to determine when a subpart is discrete enough to be considered a separate interrogatory. However, the court in *Chapman v. California Dept. of Educ.*, 2002 WL 32854376, *1 (N.D. Cal. 2002) provided a concise and useful summary of the case law:

> Rule 33(a) requires examining whether the subparts are '... logically or factually subsumed within and necessarily related to the primary question.' *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D.Cal.1998). Stated differently, the question is whether there is a 'direct relationship between the various bits of information called for' by the subparts, *id.* at 444, or if the subparts are a 'logical extension of the basic interrogatory.' *Id.* Thus, for instance, . . . an interrogatory which asks the respondent to state the amount of each loss or damage for an alleged breach of an implied-in-fact contract together with the factual basis for the claim and all calculations relied upon constitutes a single interrogatory. *See Ginn v. Gemini Inc.*, 137 F.R.D. 320, 321-22 (D.Nev.1991)." (internal citations of internal citations omitted).

The court in *Willingham v. Ashcroft*, 226 F.R.D. 57, 59 (D.D.C. 2005) provided a pragmatic approach to determining this question: "[O]nce a subpart of an interrogatory *introduces an inquiry that is separate and distinct* from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated."(emphasis added).

All of the inquiries in the cited interrogatories to which the Plaintiffs objected on grounds of "subparts" contained only matters which are the "logical extension of the basic interrogatory and not improper "subparts" as alleged by Plaintiffs.  Plaintiffs have  failed to support their objections to alleged "subparts" and should be compelled to furnish full and complete answers to

1   each such interrogatory.

2              **d.      Plaintiffs Should be Compelled to Provide Complete Responses to Interrogatories which they Improperly Labeled as "Burdensome"**

3

4        The United States sought relevant information regarding individuals who could support

5   Plaintiffs' allegation that the Presidio Trust had allowed other tenants in the vicinity to display

6   signs which the Presidio had forbidden Plaintiffs to display. Plaintiffs objected to this

7   interrogatory and refused to answer on the grounds that it would be "burdensome" to list the

8   "legions" of people who have seen the signage information alleged in the First Amended

9   Complaint. In the meet and confer Plaintiffs stated that they "may give a few names," but have

10  not done so yet. The Plaintiffs' refusal to provide *any* information whatsoever in response to the

11  United States' legitimate interrogatories renders their response improper, incomplete, and

12  unacceptable. The specific interrogatories and their responses are as follows:

13             **i.      Interrogatory Number 17 to Plaintiff Tsai and Number 8 to Plaintiff SF Aesthetics and Responses**

14
    INTERROGATORY NO. 17
15  Identify each person known to you, your representatives, or your attorneys who can support your
    allegation that the Presidio Trust allows other commercial tenants to display, in the vicinity of
16  plaintiff's premises, signs and banners comparable to those plaintiffs were forbidden to display,
    as alleged in Paragraph 18 of your Complaint.
17
        Response: Legions of persons have seen the signs and banners and to list them would be
18  unduly burdensome.

19  INTERROGATORY NO. 8:
    Identify each person known to you, your representatives, or your attorneys who can support your
20  allegation that the Presidio Trust allows other commercial tenants to display, in the vicinity of
    plaintiff's premises, signs and banners comparable to those plaintiffs were forbidden to display,
21  as alleged in Paragraph 18 of your Complaint.

22      Response: Legions of persons have seen the signs located throughout the Presidio.
    Identifying them would be unduly burdensome   Photographs of some of the signs will be
23  made available pursuant to FRCP 33 (d)(3).

24             **ii.     Plaintiffs' "Burdensome" Objection is Without Merit and Plaintiffs Therefore Should be Compelled to Respond**

25

26       "If a party resists production on the basis of claimed undue burden, it must establish the

27  factual basis for the assertion through competent evidence." *Fletcher v. Atex, Inc.,* 156 F.R.D.

28  45, 54 (S.D.N.Y. 1994). In a motion to compel, "the party resisting discovery, has the burden to

support its objections. The objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, the discovery request is overly broad or burdensome by submitting affidavits or offering evidence revealing the nature of the burden." *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 682-83 (D.Kan. 2004). Furthermore, the objecting party must "articulat[e] the particular harm that would accrue if they were required to respond." *St. Paul Reinsurance Co., Ltd. v.Commercial Fin'l Corp.* 198 F.R.D. 508, 512 (N.D. Iowa 2000).

The Plaintiffs have not met their burden of proof by offering sufficient evidence of the nature of the burden and the particular harm that would accrue if they tried to respond to the interrogatory. If an interrogatory is overbroad, then the responding party must answer whatever part of the question is proper, object to the balance and provide a meaningful explanation of the basis for the objection. Schwarzer, *Federal Civil Procedure Before Trial* § 11:1734. *See Ratesi v. Sun State Trees & Property Maintenance, Inc.*, 2007 WL 1796256 *2 (M.D.Fla. 2007) (slip copy) (holding that although an interrogatory requesting the identity of all the employees who worked at a company might be overbroad and burdensome, it was certainly reasonable for the company to list all the employees of the last three years). A similar solution applies here: If Plaintiffs truly can identify legions of persons who have seen the signs and it would be burdensome to list them all, then it would certainly be reasonable then for Plaintiffs to identify some significant number of persons from among the "legions."

### 3. Plaintiffs Refused to Supply any Responses or Deposition Testimony Relevant To Their Claim of Retaliation

#### a. Plaintiffs Should be Compelled to Respond and Sanctions Should Apply Since Plaintiffs had a Mandatory Duty to Disclose this Information

Plaintiff Tsai has made the constitutional claim of unlawful retaliation for her engagement in organizational activities. The United States seeks to determine if these allegations have any basis in fact and, if so, to prepare its defenses. Accordingly, the United States sought information in an interrogatory and at deposition related to Plaintiff's claim of retaliation for her organizational activities. Plaintiffs refused to supply the information in response to Interrogatory No. 15 and later refused at deposition to provide any information. At the meet and confer, Plaintiffs

continued to refuse, although they stated that they might provide a few names of those invited to the meetings, if they can "remember any of them.' The specific interrogatory is as follows:

### i.    Interrogatory to Plaintiff Tsai Number 15 and Response

INTERROGATORY NO. 15
Identify each person known to you, your representatives, or your attorneys who participated in or has knowledge of your attempt to organize a group of commercial tenants of the Presidio Trust, as alleged in Paragraph 12 of your First Amended Complaint for Damages, Declaratory Relief, and Preliminary Injunction (hereafter referred to as "Complaint").

Response: Objection First Amendment Associational Privacy, *NAACP v. Alabama*, 357 U.S. 449 (1958).

### ii.    Plaintiffs have no Associational Privacy Privilege Allowing them to Avoid their Duty to Respond

Plaintiff claims an associational privacy privilege in connection with Plaintiff's alleged attempt to organize fellow tenants.   Plaintiff has no associational privacy privilege that would exempt her from disclosing the names of the tenants invited to the "meet and greet," as it was characterized.   Plaintiff Tsai also claimed this privilege during her deposition testimony and refused to answer questions seeking to identify potential witnesses of her organizational efforts. This is improper.

Plaintiffs' responses to document requests identified only a one page <u>invitation</u> which Plaintiff Tsai is said to have delivered to few fellow Presidio tenants as a basis for her organizational activities. In both her response to this interrogatory and deposition testimony, she refused to disclose even the names of the persons to whom she mailed and/or distributed that invitation, so it is impossible for the defendants to know whether her allegations have any basis in fact and, if so, to prepare their defenses.

The identities of the persons to whom the one page invitation was delivered does not qualify for the kind of protection afforded to associational relationships. The invitation is for a "Meet and Greet," and merely invites "fellow Funston Avenue Businesses" to meet "face to face as well as discuss a topic we all have in common, The Presidio!" This casual invitation does not give rise to the type of protected associational relationship under the First Amendment. *Roberts v. United States Jaycees*, 468 U.S. 609, 617-18 (1984) (noting that the Supreme Court has

recognized that individuals have a First Amendment right to associate only when they either (1) "enter into and maintain certain intimate human relationship[s]" or (2) "associate for the purpose of engaging in those activities protected by the First Amendment-speech, assembly, petition for the redress of grievances, and the exercise of religion.")

This casual meet and greet of fellow Funston Avenue business does not qualify as either an intimate human relationship, or an association organized for the purpose of engaging in First Amendment speech. *See Taverns for Tots, Inc. v. City of Toledo*, 341 F. Supp. 2d 844 (N.D. Ohio 2004).    Plaintiff's claimed associational relationships were not even part of a formalized organization, let alone one which associated for the purpose of engaging in First Amendment-type activities. "To be entitled to First Amendment protection, expressive association by a group must involve some form of public or private expression." *Id.* (citing *Boy Scouts of America v. Dale*, 530 U.S. 640, 648 (2000)). Mere social association is not sufficient, because the Constitution does not recognize a 'generalized right of "social association."' *Id.* (quoting *City of Dallas v. Stanglin*, 490 U.S. 19, 25 (1989).

Even if Plaintiffs did have a First Amendment right to associational privacy, compelled disclosure of the identity of the tenants who are a witness to Plaintiffs' organizational activities would not violate that right.

In *California Pro-Life Council, Inc. v. Randolph*, 507 F.3d 1172, 1189 (9th Cir. 2007), the Ninth Circuit addressed the issue of whether compelled disclosure of the membership lists of a pro-life organization (CLPC) violated the First Amendment right to associational privacy. First, the Ninth Circuit explained the extent of the associational privacy right recognized in *NAACP v. Alabama* - the right claimed by Plaintiffs. "In *NAACP v. Alabama*, 357 U.S. 449, 462 (1958), the Supreme Court invalidated compelled disclosure of membership in an organization because the NAACP had 'made an uncontroverted showing that on past occasions revelation of the identity of its rank-and-file members has exposed these members to economic reprisal, loss of employment, threat of physical coercion, and other manifestations of public hostility.'" The Ninth Circuit then went on to explain that the Supreme Court in *McConnell v. Federal Election*,

Com'n, 540 U.S. 93 (2003) clarified that for compelled disclosure to be unconstitutional as in *NAACP,* "the evidence must demonstrate a reasonable probability that the compelled disclosure of a party's contributors' names will subject them to threats, harassment or reprisals from either Government officials or private parties."

The Ninth Circuit held that CLPC had failed to meet the burden of proving a reasonable probability that compelled disclosure would subject its members to threats, harassment, or reprisals, and that it therefore must be compelled to disclose its membership lists. Plaintiffs have also clearly failed to provide any evidence that disclosing the identity of tenants who are witnesses to Plaintiffs' alleged organizational efforts in organizing a group of tenants would subject them to harassment or reprisals from the government.

Plaintiffs' repeated assertions of an associational privacy privilege as justification for refusing to respond to legitimate discovery requests for relevant information are specious and entirely without merit.

**4.    Plaintiffs have Erroneously Refused to Provide the Identity of Witnesses on the Grounds that Patient Information is Protected by HIPAA**

**a.    Plaintiffs Should be Compelled to Respond**

The United States legitimately sought the identity of witnesses to the allegations asserted by Plaintiffs, both in interrogatories and at deposition. Plaintiffs refused to identify any witness on the grounds that patient information is protected by HIPAA. However, HIPAA provides no grounds on which to refuse information requested. Moreover, the Plaintiffs asserted no objection whatsoever for their failure to identify non-patients and should be compelled to reveal the identity of those witnesses as well. In the meet and confer, Plaintiffs continued to refuse to identify the patient information, and flatly refused the proffer of a protective order to ensure that the information would be for litigation purposes only. Plaintiffs later said they would reveal the names of non-patients, but would not provide a date-certain by which they would disclose this information. The specific interrogatories and responses are as follows:

//

//

i.    **Interrogatories to Plaintiff Tsai Numbers 19 and 20, and to Plaintiff SF Aesthetics Numbers 10 and 11, and Responses**

INTERROGATORY NO. 19
Identify each person, including patients, known to you, your representatives, or your attorneys who can support your allegation that "Plaintiff's patients have no place to hang their garments while being treated," as alleged in Paragraph 21 of your Complaint.
Response: Objection. Patient's identities are protected by their right to privacy, the physician patient privilege, and 45 CFR 164 et seq, the Privacy Rule enacted pursuant to the Health Insurance Portability and Accountability Act of 1996. See also 42 USC 1320 d-6(b)(3) (criminal penalties for malicious breach of HIPAA privacy rule). This information is available from less sensitive sources than patients. Requesting party is invited to inspect the premises at any reasonable time that patients are not present.

INTERROGATORY NO. 20
Identify every person, including patients, known to you, your representatives, or your attorney who can support your allegation that the Defendant "ousted Plaintiff" from the demised premises and caused plaintiff to cancel patients for six days, as alleged in Paragraph 23 of your Complaint.

Response: Objection. Patient's identities are protected by their right to privacy, the physician patient privilege, and 45 CFR 164 et seq, the Privacy Rule enacted pursuant to the Health Insurance Portability and Accountability Act of 1996. See also 42 USC 1320 d-6(b)(3) (criminal penalties for malicious breach of HIPAA privacy rule). This information is available from less sensitive sources than patients.

INTERROGATORY NO. 10
Identify each person, including patients, known to you, your representatives, or your attorneys who can support your allegation that "Plaintiff's patients have no place to hang their garments while being treated," as alleged in Paragraph 21 of your Complaint.

Response: Objection. Patient's identities are protected by their right to privacy, the physician-patient privilege, and 45 CFR 164 et seq, the Privacy Rule enacted pursuant to the Health Insurance Portability and Accountability Act of 1996. See also 42 USC 1320 d-6(b)(3) (criminal penalties for malicious breach of HIPAA privacy rule). Requesting party is invited to inspect the premises at any reasonable time when no patient is present to confirm the allegations of the Complaint.

INTERROGATORY NO. 11
Identify every person, including patients, known to you, your representatives, or your attorney who can support your allegation that the Defendant "ousted Plaintiff" from the demised premises and caused plaintiff to cancel patients for six days, as alleged in Paragraph 23 of your Complaint.

Response: : Objection. Patient's identities are protected by their right to privacy, the physician patient privilege, and 45 CFR 164 et seq, the Privacy Rule enacted pursuant to the Health Insurance Portability and Accountability Act of 1996. See also 42 USC 1320 d-6(b)(3) (criminal penalties for malicious breach of HIPAA privacy rule)

//

//

//

DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFFS
*San Francisco Aesthetics v. The Presidio Trust*  C 07-5170 EDL                    **-15-**

1
2

### ii. Plaintiffs' HIPAA Objection is Without Merit and Plaintiff Should be Compelled to Disclose the Identity of Both Patients and Non-Patient Witnesses

3    While clearly a basic function of HIPAA is to protect the confidentiality of individuals'

4    health records, as the regulations suggest, it was not intended to circumvent Federal Rule 26 by

5    shielding litigants from having to disclose relevant, discoverable information. Courts have

6    declined to graft a balancing requirement onto the discovery standards established by the Federal

7    Rules of Civil Procedure. *Garnish v. M/V EYAK LLC,* 2008 WL 2278238 (D.Alaska 2000).

8    Therefore, as long as the health care provider has "receive[d] ... satisfactory assurance[1] ...

9    from the party seeking the information that reasonable efforts have been made by such party to

10   secure a qualified protective order," the regular relevancy rule of Fed. R. Civ. P. 26 applies to

11   this case. The United States made reasonable efforts by offering to secure a qualified protective

12   order, but Plaintiffs refused the proffer. Because the United States made the reasonable effort to

13   offer to secure a protective order, and because the information is relevant to the United States'

14   claim or defense under Rule 26, Plaintiffs should be compelled to disclose this information.

15
16

### 5. Plaintiffs Have Erroneously Claimed a Creative Objection to Impermissible Subparts within the Definition of "Identify" as well as a Meritless Relevancy Objection

17

### a. Plaintiffs should be compelled to respond

18   In the second set of interrogatories[2] the United States sought relevant information regarding

19   potential employees who may have worked for Plaintiffs at the Presidio. Plaintiffs refused to

20   answer the bulk of the interrogatories, claiming that the information sought was not relevant.

21   Plaintiffs failed to provide the full information in the responses which they did provide. Plaintiffs

22   attempted to justify this failure by claiming that the definition provided for the word "identify"

23   contained "impermissible subparts."

24

25   [1] "Satisfactory assurances can be made if '[t]he parties giving rise to the request for information have
     agreed to a qualified protective order and have submitted it to the court ...' or if '[t]he party seeking the protected
26   health information has requested a qualified protective order from such court.'" *Id.*

27   [2] Because the Plaintiffs responses to the Defendant's second set of interrogatories and document requests
     were served late, they were not available for discussion during the parties two conferences to discuss Plaintiff's
28   responses to the initial sets of discovery.   See Declaration of Charles M. O'Connor in Support of Motion to Compel,
     at ¶ 7.

1

2

i.  **Interrogatories to Plaintiff SF Aesthetics Numbers 12, 13, 14, and 15 (and Identical Interrogatories to Plaintiff Tsai Numbers 21, 22, 23, and 24) and Responses**

3

INTERROGATORY NO. 12 AND 21:

4

Identify each person known to you, your representatives, or your attorneys that has ever spent ten (10) or more hours in your office, Suite 5B, Funston Avenue, Presidio of San Francisco, CA, or any part of it, during any one week period, and briefly describe the activities of each such

5

person while in your office.

6

Response: Objection to impermissible subparts including the definition of "Identify". This

7

interrogatory seeks information that is not relevant to any claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence. This

8

interrogatory is overbroad and to answer it would be unduly burdensome. Subject to and without waiving these objections and limiting the scope of the interrogatory to relevant

9

persons: I don't know and can not reconstruct with any reasonable precision who has ever spent more than ten hours per week in my office. Likely candidates include my husband

10

Ryan Chang, 415 883 8057, my fiend Eileen Han, 917 697 5932, and my receptionists Jane Garvin, 415 889 3635, Carol Reyes, 415 519 8469, and Michael (Mikie) Dedrick, 562 665 5270.

11

INTERROGATORY NO. 13 AND 22:

12

Identify all documents which reflect or described any of the activities of each person identified in interrogatory No. 12 [or 21], above, including but not limited to time sheets, cancelled checks,

13

check stubs, and payroll tax records.

14

Response: Objection to impermissible subparts in the definition of "Identify." This interrogatory seeks information that is not relevant to any claim or defense of any party and

15

is not reasonably calculated to lead to the discovery of admissible evidence.

16

INTERROGATORY NO. 14 AND 23:

Identify each person known to you, your representatives, or your attorneys that has ever acted as

17

a receptionist or other assistant in your office, Suite 5B, Funston Avenue, Presidio of San Francisco, CA.

18

Response: Objection to impermissible subparts in the definition of "Identify." This

19

interrogatory seeks information that is not relevant to any claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and

20

without waiving these objections and limiting the scope of the interrogatory to relevant persons: Jane Garvin, 415 889 3635, Carol Reyes, 415 519 8469, and Michael (Mikie)

21

Dedrick, 562 665 5270.

22

INTERROGATORY NO. 15 AND 24:

Identify all documents which reflect or describe any of the activities of each person identified in

23

Interrogatory No. 14, above, including but not limited to time sheets, cancelled checks, check stubs, and payroll tax records.

24

Response: Objection to impermissible subparts in the definition of "Identify." This

25

interrogatory seeks information that is not relevant to any claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

26

//

27

//

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### ii.    Plaintiffs' Objections are Without Merit

This motion has already discussed the reasons why Plaintiffs' objection concerning "identify" is meritless, as well as why the subparts objection is meritless.   Plaintiffs' attempt to combine the two is mysterious. As discussed above (¶ A.2.a.iii.), courts have held that when a request defines "identity" to include the full information including the address, the response must include the full information. As discussed above (¶ A.2.c.iii.), the subparts objection only applies when the interrogatory introduces an inquiry that is separate and distinct. It strains the mind to see how defining "identify" to include given the name and address introduces a separate and distinct inquiry.

Plaintiffs have clearly not met their burden of proving that the requested information is not relevant to the United States' claim or defense. The scope of discovery under the Federal Rules of Civil Procedure is extremely broad, and parties are entitled to obtain discovery regarding any matter that may be relevant to the pending action. *Soto v. City of Concord,* 162 F.R.D. 603, 610 (N.D. Cal.1995). It is disingenuous of Plaintiffs to claim that it is clearly not relevant to the United States' claim to find out the names of Plaintiffs' employees - potential witness to many different issues.

### B.    PLAINTIFFS FAILED TO MAKE THEIR OBJECTIONS TO WRITTEN INTERROGATORIES IN A TIMELY MANNER IN ACCORDANCE WITH THE REQUIREMENTS OF THE FEDERAL RULES AND THOSE OBJECTIONS ARE THEREFORE WAIVED

"The responding party must serve its answers and any objections within 30 days after being served with the interrogatories." FRCP 33(b)(2).  Any ground for objection to an interrogatory that is not stated in a timely manner is waived, unless the party's failure to object is excused by the court for good cause shown. FRCP 33(b)(4). Thus, a failure to make objections to written interrogatories in accordance with the requirements of the Federal Rules may result in a waiver of any objections. *See Certain Underwriters at Lloyds, London, Subscribing to Certificate of Insurance OP01 0025 ex rel. Puget Sound Underwriters, Inc. v. Inlet Fisheries, Inc.*, 232 F.R.D. 609 (D. Alaska 2005).

//

DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFFS
*San Francisco Aesthetics v. The Presidio Trust* C 07-5170 EDL                                    **-18-**

1    One of the requirements of the Federal Rules is that "[t]he person who makes the answers

2    must sign them, and the attorney who objects must sign any objections." FRCP 33(b)(5). Thus,

3    until a plaintiff has signed the answers to interrogatories, the requirements of the Federal Rules

4    have not been complied with. *See Walls v. Paulson*, 2008 WL 2175248 *5 (D.D.C. 2008)

5    (imposing sanctions for plaintiff's failure to sign).

6    Plaintiffs' responses to the first set of interrogatories were due on May 30th, but Plaintiff Tsai

7    did not sign them until June 9th. See O'Connor Declaration, ¶ 2.  Thus, the requirement of the

8    Federal Rules were not complied with in a timely manner and Plaintiffs have waived all

9    objections.

10    Similarly, the Plaintiffs' responses to the second set of interrogatories were due on June 13th,

11    but Plaintiff Tsai did not sign them until June 15th and they were not received by counsel for

12    Defendant until June 20th.  See O'Connor Declaration, ¶ 6.

13    Based on the foregoing authorities, as a result of the Plaintiffs' untimely signing and service

14    of their responses to both sets of interrogatories, their objections have been waived.

15                                **CONCLUSION**

16    For all the foregoing reasons, the Defendant respectfully asks the Court to issue an

17    appropriate order compelling the Plaintiffs to furnish full and complete responses to the

18    Defendant's discovery requests.

19    DATED: June 24, 2008                    Respectfully submitted,

20                                JOSEPH P. RUSSONIELLO
21                                United States Attorney

22

23                                    /s/

24                                _____
                                CHARLES M. O'CONNOR
                                Assistant United States Attorney

25                                Attorneys for the United States of America

26

27

28