AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
### Northern District of California

SAN FRANCISCO AESTHETICS AND
LASER MEDICINE, INCORPORATED, ET AL

**SUBPOENA IN A CIVIL CASE**

V.

THE PRESIDIO TRUST, ET AL.,

Case Number:[1] CV 05-5170 EDL

TO:

CB RICHARD ELLIS, INCORPORATED

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Al items listed on Exhibit A hereto. Electronically stored information shall be produced in a form readable by Word, Acrobat, Excel, or other common commercially available software agreed upon by Subpoening Party.

| PLACE | DATE AND TIME |
|---|---|
| 5 B Funston, The Presidio of San Francisco | 15 June 2008 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | 16 May 2008 |

Rev. 12/07) Subpoena in a Civil Case (Page 2)

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) **Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) **Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) **Contempt.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT A TO SUBPOENA DUECES TECUM


1.      Any and all documents and electronically stored information (including emails and faxes) in the possession, custody, or control of CBRE or any related entity mentioning or pertaining to San Francisco Aesthetics, Presidio Laser Medicine, or Jeannie Tsai, M.D.


2.      Any and all documents and electronically stored information (including emails and faxes) in the possession, custody, or control of CBRE or any related entity evidencing or pertaining to the incorrect delivery by any Presidio Trust tenant of any notice required by that tenant's lease to be delivered to the Presidio Trust at 34 Graham Street (or to the Presidio Trust at any other specified address) but instead delivered by the tenant to CBRE or to any other person, entity, or address.


3.      Any and all documents and electronically stored information (including emails and faxes) in the possession, custody, or control of CBRE or any related entity evidencing or pertaining to the late or untimely delivery by any Presidio Trust tenant of any notice regarding the extension of the term or the renewal of the tenant's lease.


4.      Any and all documents and electronically stored information (including emails and faxes) in the possession, custody, or control of CBRE or any related entity evidencing or pertaining to any proceedings or action taken with respect to the display of or any request to display any sign or banner on the Presidio of San Francisco by any commercial tenant of the Presidio Trust within the past three years.


5       Any and all documents and electronically stored information (including emails and faxes) in the possession, custody, or control of CBRE or any related entity evidencing or pertaining to the locking of the front closet at 5 B Funston by order of the Presidio Trust, CBRE, or any related entiity.


6.      Any and all documents and electronically stored information (including emails and faxes) in the possession, custody, or control of CBRE or any related entity evidencing or pertaining to a gas leak at 5 Funston on or about mid April 2006.

7.     Any and all documents and electronically stored information (including emails and faxes) in the possession, custody, or control of CBRE or any related entity evidencing or pertaining to an article concerning San Francisco Aesthetics, Jeannie Tsai, M.D., or Presidio Laser Medicine planned for the Presidio Post during 2006 or 2007.

9.     Any and all documents, electronically stored information, or other items regarding this case made available to any expert witness by or on behalf of the CBRE, any related entity, or any employee of either.

10.     Any and all documents and electronically stored information (including emails and faxes) in the possession, custody, or control of CBRE or any related entity evidencing or pertaining to the Presidio Trust's sign standards in effect now or at any time during the past 48 months.

11.     Any and all documents and electronically stored information (including emails and faxes) in the possession, custody, or control of CBRE or any related entity evidencing or pertaining to any agreement between the Presidio Trust and CBRE or any related entity regarding CBRE's or any related entity's involvement in the management of the Presidio of San Francisco .

12.     Any and all documents and electronically stored information (including emails and faxes) in the possession, custody, or control of CBRE or any related entity evidencing or pertaining to any complaint by any tenant regarding CBRE's or Danielle McKinney's management of Presidio Trust real estate.

13.     Any and all documents and electronically stored information (including emails and faxes) in the possession, custody, or control of CBRE or any related entity evidencing or pertaining to any lease entered into between the Presidio Trust and any tenant within the past 24 months for any premises comparable to 5 Funston, including all current leases for every building on Funston.

14.     Any and all documents and electronically stored information (including emails and faxes) in the possession, custody, or control of CBRE or any

related entity evidencing or pertaining to any work orders for 5B Funston issued, countermanded, or carried out within the past 36 months.

17.     Any and all documents and electronically stored information (including emails and faxes) in the possession, custody, or control of CBRE or any related entity evidencing or pertaining to instructions given to the Presidio Trust work order desk to limit communication with Dr. Tsai.