JOSEPH P. RUSSONIELLO
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
CHARLES M. O'CONNOR (SBN 56320)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7180
    Facsimile:   (415) 436-6748
    Email:       charles.oconnor@usdoj.gov

Attorneys for Defendant
Erin Magagna

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SAN FRANCISCO AESTHETICS AND LASER MEDICINE, INC. <br><br> Plaintiff, <br><br> v. <br><br> THE PRESIDIO TRUST, <br><br> Defendant. <br><hr> THE UNITED STATES OF AMERICA <br><br> Defendant and Counter-Claimant, <br><br> v. <br><br> SAN FRANCISCO AESTHETICS AND LASER MEDICINE, INCORPORATED, JEANNIE TSAI, M.D., <br><br> Plaintiffs and Counter-Defendants | No. C 07-5170 EDL <br><br><br><br><br><br><br><br><br> **DEFENDANT ERIN MAGAGNA'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND PRELIMINARY INJUNCTION** |

     COMES NOW the defendant Erin Magagna (hereafter also referred to as "Defendant") and answers the allegations in the First Amended Complaint for Damages, Declaratory Relief, and Preliminary Injunction ("Complaint") filed by plaintiffs San Francisco Aesthetics and Laser

Medicine, Inc. ("SF Aesthetics") and Jeannie Tsai, M.D. ("Tsai") (collectively, the "Plaintiffs"), as follows:

1. The Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis, they are denied.

2. The Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2, and on that basis, they are denied.

3. The Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis, they are denied.

4. The Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on that basis, they are denied.

5. The Defendant admits that defendant Danielle McKinney was and is an employee of CBRE. The Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5, and on that basis, they are denied.

6. The Defendant admits that Adam Engelskirchen was and is an employee of the Trust. Except as expressly admitted, Paragraph 6 is denied.

7. The Defendant admits that she was and is an employee of the Trust. Except as expressly admitted, Paragraph 7 is denied.

8. The allegations in Paragraph 8 are conclusions of law and therefore, no response is required. Insofar as a response may be deemed necessary, the allegations are denied.

9. The Defendant admits that the subject leased premises are located within the City and County of San Francisco. The Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and on that basis, they are denied.

10. The first sentence of Paragraph 10 recites Plaintiffs' characterization of their lawsuit, which requires no response. To the extent it may be construed to require a response, it is denied. The second sentence, and its lettered subparts, is answered as follows:

    a. The Defendant admits that SF Aesthetics occupies a suite of offices pursuant to a written lease (the "Lease"). Except as expressly admitted, Subpart a. is denied.

//

        b.      Subpart b. is denied. The allegations in this subpart purport to characterize the contents of the Lease, which speaks for itself and is the best evidence of its contents.

        c.      Subpart c. is denied.

        d.      Subpart d. is denied. The allegations in this subpart purport to characterize the contents of the Lease, which speaks for itself and is the best evidence of its contents.

        e.      Subpart e. is denied.

        f.      Subpart f. is denied.

        g.      Subpart g. is denied. The allegations in this subpart purport to characterize the contents of a letter, which speaks for itself and is the best evidence of its contents.

        h.      Subpart h. is denied.

        i.      The Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in Subpart i., and on that basis, they are denied.

11.     The first sentence of Paragraph 11 recites Plaintiffs' characterization of their lawsuit, which requires no response. To the extent it may be construed to require a response, it is denied. The remaining allegations of Paragraph 11 are denied.

12.     The Defendant admits that Tsai, on behalf of SF Aesthetics, made certain demands on the Trust that were purportedly based on the Lease. Except as expressly admitted, the first sentence of Paragraph 12 is denied. The Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and on that basis, they are denied.

13.     Paragraph 13 is denied.

14.     Paragraph 14 is denied.

15.     Paragraph 15 is denied.

16.     The Defendant admits that Plaintiffs have posted signs at the subject leased premises, without prior approval. Except as expressly admitted, Paragraph 16 is denied.

17.     The Defendant admits that Plaintiffs were denied permission to post certain signs

1  at the subject leased premises.  Except as expressly admitted, Paragraph 17 is denied.

2       18.    Paragraph 18 is denied.

3       19.    Paragraph 19 is denied.

4       20.    Paragraph 20 is denied.  The allegations in this paragraph purport to characterize the contents of the Lease, which speaks for itself and is the best evidence of its contents.

6       21.    Paragraph 21 is denied.

7       22.    Paragraph 22 is denied.

8       23.    Paragraph 23 is denied.

The remainder of the Complaint consists of Plaintiffs' prayer for relief, to which no response is required.  To the extent a response may be deemed required, the Defendant denies that the Plaintiffs are entitled to the relief requested or any relief whatsoever.

**AFFIRMATIVE DEFENSES**

The Defendant alleges as follows:

1.    The Complaint fails to state a claim upon which relief can be granted;

2.    The Court lacks jurisdiction over the Complaint;

3.    The claims against the Defendant are barred by the doctrine of qualified immunity;

4.    Plaintiffs failed to exhaust their administrative remedies before filing their Complaint;

5.    All claims against Defendant are barred by the doctrine of unclean hands;

6.    Plaintiffs were comparatively negligent;

7.    Plaintiff SF Aesthetics breached its obligations under the Lease;

8.    Plaintiffs failed to take reasonable steps to mitigate the damages alleged in the Complaint;

9.    Injunctive relief is not warranted because money damages would compensate for the alleged harm, if proven, thus an adequate remedy at law is available.

//

WHEREFORE, the Defendant respectfully requests that the Court:

1. Deny SF Aesthetics' and Tsai's claims for relief and any relief, whatsoever

2. Enter judgment in favor of the Defendant as to each and every claim asserted by SF Aesthetics and Tsai and dismiss their Complaint with prejudice;

3. Enter judgment against SF Aesthetics and Tsai, for reasonable attorneys' fees; and,

4. Award the Defendant her costs of suit and such other relief as the Court may deem just and proper.

DATED: July 2, 2008                     Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


_____/s/_____
CHARLES M. O'CONNOR
Assistant United States Attorney

Attorneys for Defendant Erin Magagna

DEFENDANT ERIN MAGAGNA'S ANSWER TO FIRST AMENDED COMPLAINT, ETC.
C 07-5170 EDL                      5