IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO AESTHETICS AND LASER MEDICINE INC,<br><br>        Plaintiff,<br><br>  v.<br><br>THE PRESIDIO TRUST,<br><br>        Defendant.<br>_____/ | No. C-07-05170 EDL<br><br>**ORDER DENYING MOTION FOR DE NOVO DETERMINATION OF AMOUNT DUE UNDER AMENDED STIPULATED JUDGMENT** |

**I.    Background**

      This matter originated as a dispute over the lease of a medical suite by San Francisco Aesthetics and Laser Medicine, Inc. from Defendant Presidio Trust.  In light of an oral settlement agreement reached before Magistrate Judge James in July 2008, this Court entered a conditional order of dismissal.  See Dkt. # 70.  When the parties were unable to reduce their oral agreement to writing, this Court reinstated the case, granted the parties leave to move to enforce the settlement agreement, and referred the enforcement motions to Judge James for a report and recommendation.  See Dkt. # 89.  Thereafter, Judge James issued a report and recommendation regarding the parties' cross-motions to enforce the settlement agreement, recommending that this Court grant Defendants' motion to enforce the settlement agreement subject to certain modifications.  See Dkt. # 91, 94.  This Court adopted the report and recommendation and entered judgment in accordance with the Amended Stipulated Judgment ("ASJ").  See Dkt. # 121, 122.  The parties agreed that Judge James would resolve any disputes over computation of the amount due under the ASJ.  Dkt. # 122 at 4.

      When the parties could not agree on computation, Defendant filed a "Request for Assistance of Magistrate Judge to Resolve Parties' Dispute Re Computation of Amount Due Per Amended

Stipulated Judgment," ("Request for Assistance") which was referred to Judge James and briefed in part. Dkt. # 123, 128, 133, 135, 137, 138. Shortly thereafter, Plaintiff filed an appeal with the Ninth Circuit, and Defendant moved for a limited remand for the purpose of resolving the dispute as to computation of the amount due under the ASJ. On May 12, 2010, the Ninth Circuit issued an order which "remanded to the district court for the limited purpose of enabling the district court to consider appellees' 'Request for Assistance of Magistrate Judge to Resolve Parties' Dispute Re Computation of Amount Due Per Amended Stipulated Judgment.'" Dkt. # 142. Thereafter, Judge James issued a report and recommendation on July 30, 2010, in which she carefully set forth in thoughtful detail the appropriate computation of the amount due under the ASJ. Dkt. # 147. The details of Judge James' report and recommendation are not included herein, except as necessary for the determination of this motion.

Following Judge James' report and recommendation, Defendant filed a response requesting correction of one typographical error, which the Court has previously agreed should be corrected and is hereby GRANTED. See Dkt. # 150. Additionally, Plaintiff filed substantive "objections," (Dkt. # 149) and thereafter filed this motion for de novo determination of the amount due under the amended stipulated judgment pursuant to Rule 72(b) and 28 U.S.C. § 636(b) (Dkt. # 151).[1]

**II.   Analysis**

This Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and therefore addresses each of Plaintiff's objections in turn. Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1)(C). However, this Court's jurisdiction is limited by the Ninth Circuit's Order of remand to encompass only the issues raised by Defendant's Request for Assistance, not other issues raised in Plaintiff's appeal or elsewhere. The Court's review is further confined to Judge James' report and recommendation on the issue of computation (and specifically the alleged errors in that report and recommendation as articulated in Plaintiff's motion), because no expansion of the record or evidentiary hearing has been requested. With these strictures in mind, and for the following reasons, Plaintiff's motion is DENIED.

---

[1] Plaintiff's motion makes passing reference to a declaration in support, but does not attach or rely on any such declaration and no such declaration has been considered.

2

**A.    Plaintiff's Argument Relating to Waiver and Release Should Not Be Considered**

Plaintiff's first argument is that it is entitled a decision on its argument that Defendant waived and released its claim for damages for nonpayment of late fees, default penal interest, service district charges, insurance and utilities in paragraph 11 of the ASJ. Judge James refused to consider this argument because "it is the subject of Plaintiff' appeal pending before the Ninth Circuit. The only issue now before the undersigned is the amount due under the ASJ, as remanded to the Court by the Ninth Circuit." 7/30/10 R&R at n.5. Plaintiff argues that Judge James' refusal to consider its waiver and release argument was erroneous, and the Court should consider it now, because its waiver and release defenses were presented in opposition to Defendant's Request for Assistance and are therefore before this Court on remand. Plaintiff attempts to distinguish between its argument presented on appeal (which it characterizes as "the discrepancy between the language of the release cited in open court . . . and the more limited language of paragraph 11 of the" ASJ) and its current position relating to these defenses (i.e., "how the terms of either the mutual release of all claims recited in open court or the more limited release contained in paragraph 11 of the ASJ apply to Defendant's claim for damages). It argues that the latter could not have been presented to the Ninth Circuit because it only arose in opposition to the Request for Assistance.

However, Plaintiff has admitted that its appeal challenges the scope of the applicable release: the ASJ "is currently the subject of an appeal that will challenge its variances from the terms of the agreement placed on the record, particularly with respect to the 'mutual release of all claims known and unknown.'" Pl.'s Opp. to Request for Assistance at 4. Therefore, Plaintiff is attempting to create a distinction without a difference, because its current arguments relating to whether the ASJ waived and released certain categories of damages are necessarily subsumed within its arguments on appeal as to the scope of the waiver. The issue on remand is simply the correct computation of damages under the ASJ, not the proper scope of an unspecified waiver or release. Therefore, Judge James was correct not to consider Plaintiff's waiver and release arguments at this time, and this Court declines to do so as well.

3

**B.     Should A $34,000 Credit Be Applied to Charges Accruing Before July 1, 2008?**

Judge James' report and recommendation concludes that Plaintiff is entitled to a $34,000 rent credit, and neither party challenges this conclusion.  Instead, Plaintiff challenges *when* the credit should be applied.  Paragraph 3 of the ASJ provides that Plaintiff was to make a lump sum payment of the difference between the base rent and all other charges due and payable under the Lease and the total amount of base rent and all other charges paid, retroactive to January 15, 2008 to the effective date of the ASJ (August 14, 2009), within ten days of the effective date of the ASJ. Plaintiff argues that this means that no late fees or penal interest can apply to any arrearages between January 16, 2008 and June 30, 2008, and thus the $34,000 credit should not be applied to any charge before July 1, 2008 because none of those charges were due until August 24, 2009.  Plaintiff argues that applying the credit in this way would reduce the amount claimed for late fees and interest.

Defendant counters that this contention was not included in Plaintiff's initial opposition to the Request for Assistance and cannot be considered now.[2]  The Court agrees that Plaintiff never made the argument that the $34,000 credit should be applied to payments due after July 1; its opposition to the Request for Assistance instead sought to have the credit applied starting in October 2008 because it took the position that it was not obligated to pay anything more through September 2008. Rose Decl. in Support of Opp. to Request for Assistance, Ex. Z at n.3; see also 7/30/10 R&R at 9. The Ninth Circuit has accepted the view that, "' an unsuccessful party is not entitled as of right to *de novo* review by the [district] judge of an argument never seasonably raised before the magistrate.' " United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000) (citation omitted). Rather, the district judge has discretion, but is not required, to consider evidence and arguments raised for the first time in an objection to the magistrate's report and recommendation. Id. at 621-22.  Here, the Court will

---

[2] On Reply, Plaintiff contends that it was not invited to file a brief when Judge James requested further briefing from Defendants following the Ninth Circuit's remand order, and it has had no opportunity to present further argument or evidence since the remand order. However, Judge James' Order allowing Defendant to submit additional briefing following remand was strictly limited to allowing clarification and/or correction of various numerical calculations on a spreadsheet, and specifically precluded Defendant from making any new legal arguments. See Dkt. # 145. Further, Plaintiff did not request to file any additional briefing at that time and has not requested an expansion of the record for this de novo review. Therefore, this point is unpersuasive.

not consider this new argument now, when it easily could have been made before Judge James but was not. Furthermore, paragraph 3 of the ASJ does not excuse all interest and penalties accruing prior to July 30 – it simply states when payment of the entire outstanding amount (including interest and penalties) became due under the terms of the ASJ. Therefore, Judge James correctly applied the $34,000 credit to the earliest missed payments in order to minimize the late fees and interest due, and this Court does so as well.

### III.     Late Fees and Default Interest Are Not Per Se Illegal Penalties

Plaintiff argues that the report and recommendation would allow Defendant to collect usurious penal interest of 18.75% and a 10% late payment penalty that are illegal under an 1897 California law that applies to transactions involving the Presidio Trust. At its most basic, Plaintiff's argument appears to be that an 1872 California law precluded parties to a contract from agreeing in advance as to the proper amount of damages except where it would be "impracticable or extremely difficult to fix the actual damage." See Former Cal. Civil Code §§ 1670, 1671. Since this law was in effect at the time that California ceded the Presidio to the federal government in 1897, Plaintiff contends that it became "federal in nature" and applies to the agreement in question. Plaintiff does not address the fact that the statutes it relies on have not been in effect since 1977. Instead, Plaintiff relies on a 1973 case, Garrett v. Coast & Southern Federal Savings & Loan Ass'n., 9 Cal. 3d 731, applying these statutes to hold that an interest obligation triggered by late payment on a deed of trust was penal in nature and not a valid liquidated damages provision, where it was not reasonably calculated to compensate for damages caused by the delay in payment and the parties had not made an effort to estimate a fair compensation for loss suffered as a result of the late payment.

Plaintiff does not explain how a thirty-five year old California case relying on outdated statutes governs this case, and provides no evidentiary or other support for its contention that the interest amounts in question "bear[] no reasonable relation to any loss occasioned by the lateness of any payment." Further, even if the argument had some merit, Plaintiff did not raise this argument in opposition to Defendant's Request for Assistance, and has not explained its failure to do so, and therefore the Court declines to consider this new argument on de novo review.

5

**IV.    Were Defendant's Claims For Certain Categories of Damages Waived and Released by the ASJ?**

In addition to arguing that its waiver and release argument is appropriate for resolution on remand, a contention the Court disagrees with as discussed in Section I. above, Plaintiff also argues more substantively that paragraphs 11 and 13 of the ASJ waived and released Defendant's claim for damages for nonpayment of late fees, default interest, service district charges, insurance and utilities. Plaintiff's point appears to be that the ASJ superceded its obligations under the Lease except where expressly provided to the contrary, and that paragraphs 11 and 13 create a release for all damages based on the Lease sought in the counterclaim, except for those obligations specifically created by the ASJ. Plaintiff contends that the only obligation created by the ASJ is an obligation to pay rent of $35 per square foot, and all other obligations were waived.

Defendant does not address this argument head on, but instead argues that Plaintiff's waiver and release argument presented in its opposition to the Request for Assistance differs from its current argument, and Plaintiff cannot make more expansive arguments now. The Court disagrees with this contention, as the arguments in both briefs are consistent. However, because the waiver and release argument is beyond the scope of this limited remand and within the scope of Plaintiff's appeal, it will not be considered.[3]

For all of the foregoing reasons, Plaintiff's motion for de novo determination of the amount due under the amended stipulated judgment is DENIED. Judge James' report and recommendation is adopted as the decision of this Court, except that the Court hereby corrects one typographical error

---

[3] Even if Plaintiff's argument were considered, it would be rejected because Plaintiff mischaracterizes the language of the ASJ. Paragraph 15 provides that: "Except as expressly provided to the contrary in this Stipulated Judgment, the provisions, conditions and terms of the Lease remain unchanged and in full force and effect." Thus, contrary to superceding the terms of the lease unless expressly provided otherwise, this provision contemplates the ongoing viability of the terms of the lease except where expressly superceded. Further, while paragraph 11 does contain a broad release of monetary claims for matters raised in the counterclaims, and paragraph 13 excepts "liability based on such obligations as are created by this agreement," Plaintiff misstates its obligations under the ASJ. In addition to payment of $35 per square foot in rent, paragraph 3 also obligates Plaintiff to make a lump sum payment of "all other charges due and payable under the Lease, retroactive to January 15, 2008. . . ." This appears to include the late fees, default interest, service district charges, insurance and utilities that Plaintiff claims have been waived. Therefore, even if the Court considered Plaintiff's waiver and release argument, it has no merit.

6

//

in that the number "16" should be substituted for "1887" at page 5:1.

**IT IS SO ORDERED.**

Dated: October 21, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge